GEORGE S. POPPERS

v.

THE INTERNATIONAL BANK.

1. APPEAL BOND IN FORCIBLE DETAINER—NEW BOND—AN EXTINGUISHMENT OF PRIOR BOND.—Where, in appeals in forcible detainer, a bond is given to prosecute the appeal, etc., and subsequently a new bond in a larger amount is given as provided by the statute, the latter bond operates as a satisfaction or extinguishment of the former.

2. CONDUCT OF COURT DURING TRIAL—AMENDING VERDICT.—A court has an undoubted right to reduce a verdict to proper form, in the presence of the jury; but care should be taken to avoid encroaching upon the province of the jury by remarks in their hearing which are liable to influence them in respect to their finding, or prevent them when being polled, from a free expression of dissent from the verdict as announced, if such is their wish

APPEAL from the Circuit Court of Cook county; the Hon.

ELLIOTT ANTHONY, of the Superior Court, sitting as Circuit Judge, presiding. Opinion filed March 7, 1882.

This was debt on an appeal bond. The International Bank recovered a judgment in forcible detainer before a justice of the peace, against Catharine Walsh, who took an appeal to the Superior Court of Cook county, giving bond with surety in the penal sum of $500, conditioned as required by the statute. The venue was changed to the circuit court, where, on motion of the plaintiff, the defendant was ruled to file a "new bond," in the penal sum of $1,200, and such bond was accordingly filed. Afterward on like motion of the plaintiff, the defendant was ruled to file an "increased bond," in the penal sum of $2,000, which was duly filed and approved by the court.

The condition of these several bonds was in the same words, and provided, among other things, that the defendant should pay all rent then due, or that might become due before the final determination of the suit. After a verdict and judgment for the plaintiff in the detainer suit, the bank brought suit on the $2,000 bond, which was subsequently dismissed; and the present suit on the $1,200 bond was instituted, resulting in a judgment for the bank. The defendant brings the case here by appeal.

Mr. THOMAS SHIRLEY, for appellant; as to the right of a court to amend a verdict in matter of form, cited Rigg v. Cook, 4 Gilm. 336; Martin v. Morelock, 32 Ill. 485; O'Brien v. Palmer, 49 Ill. 72.

A verdict in debt without finding the amount of debt can not be put in form by the court; Frazier v. Laughlin, 1 Gilm. 347; Hinckley v. West, 4 Gilm. 136; Hirth v. Lynch, 96 Ill. 409.

Messrs. BISBEE & AHRENS, for appellee; that a court may amend a verdict, cited Caswell v. Cooper, 18 Ill. 532; Cook v. Scott, 1 Gilm. 333; Osgood v. McConnell, 32 Ill. 74; Fales v. Roberts, 55 Ill. 192; Chittenden v. Evans, 48 Ill. 52; O'Brien v. Palmer, 49 Ill. 72; Brown v. Rounsavell, 78 Ill. 589.

Statements of jurors ought not to be received to impeach

Poppers v. International Bank.

their verdict : Forrester v. Guard, Breese, 74; Smith v. Eames, 3 Scam. 76; Martin v. Ehrenfels, 24 Ill. 187; Reins v. People, 30 Ill. 256; Peck v. Brewer, 48 Ill. 54; Allison v. The People, 45 Ill. 37; Bertholf v. Quinlan, 68 Ill. 297; Niccolls v. Foster, 89 Ill. 386.

Per Curiam.    The question presented, is whether the giving of the bond for $2,000 operated as a satisfaction or extinguishment of the bond in suit.    We have not been furnished by counsel with a reference to any authorities, nor have we been able to find any bearing upon the case, and it must therefore be decided upon our impressions as to the proper construction of the statute.    While the question is not wholly free from doubt, we are of opinion that the $2,000 bond must be regarded as having been given in substitution of, and that its effect was to discharge the obligation created by the bond in suit.

The act in relation to forcible entry and detainer provides that if the defendant appeals, the condition of the bond shall be, that he will prosecute such appeal with effect, and pay all rent then due, or that may become due before the final determination of the suit, and also, all damages and loss which the plaintiff may sustain by reason of withholding the premises in controversy, and by reason of any injury done thereto during such withholding, until the restitution of the possession thereof to the plaintiff, together with all costs, etc., which said bond shall be in sufficient amount to secure such rent, damages and costs, to be ascertained and fixed by the court.    " And the court in which the appeal may be pending  may require a new bond in a larger amount, if necessary to secure the rights of the parties; and in case of continuance, may require another bond to be given to further secure the same."    It will be observed that the provision is not for an *additional* bond, or additional or better security in the bond already filed, but for a new bond in a larger  amount if necessary to secure the rights of the parties.

All the bonds were conditioned for the payment of the rents due or to become due, and each of them was in turn ap-

proved by the court as good and sufficient for that purpose, and was thus presumably adequate security. Neither of the last two bonds was ordered to be filed by reason of the insufficiency of the sureties in the preceding bond, but doubtless, because by the lapse of time and the accumulation of rents, a larger or increased bond was necessary for the indemnity of the plaintiff. The appellant having by her last bond furnished satisfactory security for the payment of all rents, damages and costs, as by the order of the court she was required to do, ought not, as it should seem, to be subjected to separate suits on all the bonds at the same time, as she and her several sureties would be liable to be, if, after giving the last bond the former bonds remain in force; and such a result we do not think was intended by the legislature.

We are fortified in this view by that clause in the section quoted, which authorizes the court in case of a continuance, to require another bond to be given as *further* security. In that contingency, such bond is by the terms of the statute by way of addition to the security, already given. It could not be said to be *additional* unless that to which it is to be added remains.

As the case is to be reversed, it is unnecessary to determine whether the court erred in its action at the time of the rendition of the verdict. The right of the court to reduce the verdict to form, in the presence of the jury, is undoubted, but care should be observed to avoid encroaching on the province of the jury, by remarks in their hearing which are liable to influence them in respect to their finding, or to prevent them, when being polled, from a free expression of dissent from the verdict as announced, if such is their wish. Where there is an apparent unwillingness on the part of a juror to acquiesce in the verdict, the safer and better practice is to require the jury to again retire for further consideration.

The judgment of the court below is reversed, and the cause is remanded.

                                   Reversed and remanded.