## The Carlyle Canning Co. v. The Baltimore & O. S. W. Ry. Co.

1.    VERDICTS—*When They Become Effectual—Interference with the Jury.*—A paper signed by the jury and delivered to the officer, although opened, read and left with the clerk, is not a verdict before its delivery and acceptance by the court as such.    Until so accepted, it is subject to change by the jury.    Even after delivery and announcement, the jury may be polled, and if any juror dissents from the verdict as announced it ceases to be a verdict, and the jury retires for further consultation. Any interference with a jury before its verdict is rendered that secures a change in the verdict, or that hampers the free exercise of the will or the judgment of the jurors, as by securing and holding their affidavits, to be presented in court if advantageous to the party holding them to do so, is an improper interference that vitiates a verdict rendered in favor of the party so interfering.

2.    JURY—*Improper Interference with—Nature of Conversation with, Immaterial.*—Whatever the nature of a conversation by an attorney for a party with the jury may have been, if in reference to the case after it

Carlyle Canning Co. v. B. & O. S. W. Ry. Co.

is submitted and before verdict, it is not material; it is sufficient that it took place, and it amounts to such misbehavior, both on the part of the counsel and the jury, as to vitiate the verdict. Trials by jury would be of little worth were parties or their own attorneys permitted to interfere in any manner with the jurors after a case is submitted to them and they are considering their verdict.

3. SAME—*Communications by the Judge.*—No communication whatever ought to take place between the judge and the jury after the cause has been committed to them by the charge of the judge unless in open court, in presence of the counsel in the case.

4. SAME—*Communications by Attorneys.*—A communication by an attorney that secures affidavits as to the extent of a verdict in favor of his client, before it is returned into court, which makes it applicable to two cases, when, by its indefinite form, it is not applicable to any case, is such an interference as to entitle the defeated parties to a new trial.

5. SAME—*Remarks by the Judge.*—Remarks by the judge in the nature of statements to counsel of the views of the court that would control in the trial of the case, if the law as stated is afterward embodied in written instructions and given to the jury, the error, if any, is cured.

**Action on the Case,** to recover damages for the destruction of property by fire. Trial in the Circuit Court of Clinton County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Verdict and judgment for defendant. Error by plaintiff. Heard in this court at the February term, 1898. Reversed and remanded. Opinion filed August 31, 1898.

R. W. BARGER and M. P. MURRAY, attorneys for plaintiff in error.

PALMER, SHUTT, HAMILL & LESTER and VAN HOOREBEKE & LOUDEN, attorneys for defendant in error.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This case is here by writ of error to the Circuit Court of Clinton County, to review a judgment in favor of defendant in error, wherein the Carlyle Canning Company was plaintiff, and the Baltimore & Ohio Southwestern Railway Company was defendant. The action was in case, to recover damages for the destruction by fire of certain property owned by the Carlyle Canning Company, in a building owned by William Hallerman et al. Hallerman et al. also brought suit against the same company to recover for

the burning of the building. The cases were tried together before one jury, and judgments were rendered in favor of defendant for costs in each case. Writs of error were sued out to review these judgments, and both cases are pending in this court on records substantially alike. The declarations allege that the defendant operated a railroad along and adjacent to the property in question, and that, on the 28th of April, 1896, the defendant negligently set fire to the building and property in question, by means of which the same were destroyed and wholly lost to the plaintiffs, without fault or negligence on their part.

The second count sets out the duty of the defendant to use the best and most approved appliances to prevent the escape of fire, and alleges a failure in that regard, and that by means of such failure and negligence of the defendant in the operation of a certain locomotive engine along its line of railway, fire was permitted to escape from said engine and communicate to the property of plaintiff, whereby the same was consumed and wholly destroyed without the fault of plaintiff.

Plea of general issue in each case.

Errors are assigned in the usual form, charging the admission of improper and the exclusion of proper evidence, the giving, refusing and modifying instructions, and in overruling motion for a new trial, and motion in arrest of judgment.

The following additional errors are assigned:

12th. The court erred in allowing counsel for the defendant, against the objection of the plaintiff, to insist to the jury, as a defense, that the property had been insured and the plaintiff had received its value.

13th. The court erred in not instructing the jury, as requested, that the suit was properly brought in the names of the plaintiffs and not giving first, second and third instructions.

15th. The court erred in not granting a new trial for the reason that the attorney for the defendant intermeddled with the jury.

16th. The court erred in receiving the oral verdict in

open court after the jurors had conferred with defendant's counsel respecting it.

18th. The court erred in instructing the jury orally.

19th. The court erred in entering judgment in manner and form as aforesaid.

As this case will have to be reversed and remanded, no review of the evidence will be made, and no opinion expressed upon it.

In his opening statement counsel for plaintiff told the jury that "the property which was claimed to have been burnt by the defendant had been insured, and that the insurance company or companies had paid an amount of money on account of the loss, stating the amount, but that this fact could make no difference with the plaintiff's right to recover." He also stated, that "if plaintiff proved that fire was communicated to the building in which the plaintiff's personal property was situated by a locomotive engine of the defendant, and that such property was destroyed by that fire, then the plaintiff was entitled to recover the value of that property."

Counsel for defendant, in his opening statement, told the jury that "the defendant would insist that as the property had been insured and the insurance money paid, the plaintiff could not recover."

While this was an erroneous statement of the law, and should not have been made, the record fails to show any exception taken to it.

Counsel for defendant, proceeding, said that "the defendant would prove that the locomotive which was claimed had sent out the fire was, at the time of the fire, equipped with the best known appliances to prevent the escape of fire; that it was in good repair and that it was then in charge of a careful and competent engineer; and that if it proved these things the plaintiff could not recover." Whereupon the judge, addressing counsel, in the presence of the jury, said, " Gentlemen, your statements of the law are, I think, neither of them quite accurate;" and then proceeded to state the law as the court understood it applicable to cases where fire is communicated by locomotive

engines.  To this statement by the court plaintiff in error excepted and claims that it was in effect an oral instruction to the jury, and assigns it as error for that reason.

What was said by the judge was in the nature of a statement to counsel of the views of the court that would control in the trial of the case.  The law as stated was afterward embodied in written instructions and given to the jury.  The assignment of this action of the court as error is not therefore sustained.

A question involving both cases is presented, arising out of the form of verdict as originally agreed upon by the jury and returned in writing, and the alleged improper conduct of counsel for defendant in error in communicating with the jury before the return of the verdict into court, and in procuring affidavits from jurors as to what they intended by their verdict.

The jury was instructed as to forms of verdict as follows:

Carlyle Canning Co.  ⎫
         v.           ⎬
B. & O. S. W. Ry. Co. ⎭

In this case if you find for the plaintiff, the form of your verdict may be as follows:  We, the jury, find the defendant guilty, and assess plaintiff's damages at (here insert amount as you find it).

If you find for the defendant, say:  We, the jury, find the defendant not guilty.

A similar form of verdict was given to be used in the case of Hallerman et al. v. defendant in error.

After being instructed on Saturday, November 21, 1896, the jurors were told by the court that when they had agreed upon verdicts, they should sign and deliver them to their officer, and that the officer would deliver them to the clerk, and that the jury should disperse and return to meet the court on Monday, December 14, 1896.  Thereupon the court adjourned from Saturday, November 21, 1896, to Monday, December 14, 1896.  The jury retired to consider their verdict and dispersed the next day, having left a sealed envelope with the officer, which envelope the officer delivered to the clerk.  By consent of parties, and with the approval of the

judge by telegram, the clerk opened the envelope and it was found to contain only a paper in words and letters as follows:

State of Illinois, Clinton County.

Carlyle, November 21, 1896.

" We, the jury, find the defendant not guilty. (Signed by jurors.)

The clerk indorsed said paper, filed November 23, 1896.

On the 7th of December one of the counsel for defendant in error, in the absence of the court, and of any one representing plaintiffs in error, saw two of the jurors and asked them if they would be willing to make an affidavit that they intended their verdict to apply to both cases, and upon being answered that they were, he prepared and obtained from them such affidavit to the effect that the jury " found a verdict in favor of the defendant; that through inadvertence but one verdict was signed by the jury and delivered to the officer; that the jury in said cases understood and intended said verdict to apply in both cases." On the 14th of December a similar affidavit was obtained by the same counsel from the other ten jurors. Counsel who secured these affidavits, states in reference to their procurement, " that affiant asked the jurors if they would be willing to make affidavit that they intended their verdict to apply in both cases, and they answered they would, and that they thereupon made the affidavits hereto attached. That is all the conference affiant had with said jurors or any of them."

On the 14th of December, after said affidavits had been made, the jury returned their verdict into court as originally signed, and being asked by the judge if they intended it to apply to both cases, they answered that they did. The jury was then polled and adhered to their verdict as given in answer to the question of the judge. Then, over the objection of plaintiffs in error, the court entered a verdict of not guilty in each case.

The paper signed by the jury and delivered to the officer, although opened, read and filed by the clerk, was not a ver-

dict before its delivery and acceptance by the court as a verdict. Until so accepted, it should not have been filed and it was subject to change by the jury. Even after delivery and announcement, the jury may be polled, and if any juror dissents from the verdict as announced it ceases to be a verdict, and the jury retires for further consultation. Plaintiffs in error do not deny that a verdict may be orally rendered; nor do they deny the right of a judge to put a verdict in form; or to direct a jury to pass upon some issue that has been overlooked; or to complete an incomplete verdict; but they claim that any interference with a jury before its verdict is rendered that secures a change in the verdict, or that hampers the free exercise of the will or the judgment of the jurors by securing and holding their affidavits, to be presented in court if advantageous to the party holding them to do so, is an improper interference that vitiates a verdict rendered in favor of the party so interfering. They claim that in this case the verdict delivered in court can not stand. Not because it was orally rendered, nor because, in reply to the interrogatory of the judge, it was made to apply to both cases. But because the jury had been communicated with by counsel for defendant in error, and procured to make affidavits as to what their verdict was intended to be, and would be, thus hampering the free will and judgment of the jurors while the decision of the case was yet in their hands.

The facts with reference to the conference with the jury and the affidavits procured by counsel for defendant in error from the jurors, together with the examination of said counsel under oath, were heard by the court on a motion for new trial. As the verdict stood when the affidavits were made, it was incomplete and could not for uncertainty have been entered in either case. In order to complete it, the intelligent, uninfluenced exercise of the judgment of the jurors was yet required. Any word or act of any party that tended to prevent such free exercise was improper and a contempt of court.

By the affidavits secured by conference of counsel with the jury, in the absence of plaintiff in error and of the court,

the jury became committed under oath to a verdict of not guilty in each case. When polled, as they afterward were, the free decision of each juror was, or may have been, hindered by his affidavit previously made and in the possession of counsel for defendant in error. This was an interference with jurors before rendering verdict, such as courts can not tolerate. We say this without any intimation that improper influences were brought to bear upon jurors, or that their finding when questioned by the court would have been different if there had been no conference of counsel with them.

" In the trial of a case the appearance of evil should be as much avoided as evil itself." Bradbury v. Cony, 62 Maine, 223.

· " Every one ought to know that for any, even the least, intermeddling with jurors, a verdict will always be set aside." Knight v. Freeport, 13 Mass. 218; approved in Lyons v. Lawrence, 12 Ill. App. 533.

" Whatever the nature of the conversation may have been is not material; it is sufficient it was had, and it amounts to such misbehavior, both on the part of the counsel and the jury, as to vitiate the verdict. Trials by jury would be of little worth were parties or their attorneys permitted to interfere in any manner with the jurors after a case is committed to them and they are considering their verdict." Marten v. Morelock, 32 Ill. 488.

If it is said that in the case at bar the jury had considered and agreed upon a verdict, it is a sufficient reply that the verdict as agreed upon was not satisfactory to defendant in error, and the conference with the jurors and the affidavits obtained from them were for the purpose of securing it in a shape that would be satisfactory.

The effect of communicating privily with a jury by a judge is stated in Sargent v. Roberts, 1 Pick. 337, as follows:

" As it is impossible, we think, to complain of the substance of the communication, the only question is whether any communication at all is proper, and if it was not, the party against whom the verdict was rendered is entitled to a new trial. And we are all of the opinion, after consider-

ing the question maturely, that no communication whatever ought to take place between the judge and the jury after the cause has been committed to them by the charge of the judge unless in open court, in presence of the counsel in the case."

If a communication by a judge, when the substance of the communication can not be complained of, entitles the party against whom a verdict is rendered to a new trial, certainly a communication by an attorney that secures affidavits as to the extent of a verdict in favor of his client, before it is returned into court, which make it applicable to two cases, when by its indefinite form it is not applicable to any case, is such an interference as to entitle the defeated parties to a new trial.

In view of the position taken by the defendant in error, that if plaintiffs in error had recovered insurance, they could not recover damages from the railroad company, it was error to admit evidence of the amounts of insurance collected. It could only be proper if the defense had been that plaintiffs in error had burned the property, and this was not claimed in defense.

We think, too, in view of the same position referred to above, that instructions one, two and three asked by plaintiff in error should have been given.

For the reasons above stated, the judgment is reversed and the case remanded.