THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GERALD ALLEN MASSIE, Defendant-Appellant.

(No. 71-211; ▮▮▮▮▮▮▮

Second District—May 17, 1972.

Ralph Ruebner and Matthew J. Moran, both of Defender Project, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The question presented here is whether a guilty verdict is void for lack of unanimity because, when polled, one of the jurors who signed the verdict responded "I pleaded guilty, yes" to the question, "* * * was and is this now your verdict?"

No further inquiry was made of that juror. When the State requested entry of judgment on the verdict, defendant's counsel objected on the grounds of the juror's answer and requested time to prepare the necessary motions, mentioning specifically a motion for new trial. The Court thereafter denied his motion for new trial, which did not set forth any objection based on the juror's answer, and entered judgment of guilty of burglary. After hearing on mitigation and aggravation, defendant was sentenced to one to six years in the penitentiary.

Counsel for defendant cited no authorities to support his contention that the juror's answer renders void the guilty verdict which that juror signed, along with the others. The only authorities cited support the requirement of unanimity.

The guilty verdict was read in open court by the foreman. The answer of the juror in question included the affirmative word "yes" when asked if it was and is his verdict. The mere fact that prior to his affirmative answer he uttered the words "I pleaded guilty" does not detract in the least from the jury's unanimity. The judgment of the Court is, therefore,

affirmed. This determination of the question presented renders it unnecessary for us to consider the State's contention that the defendant's failure to raise this point in his motion for a new trial constitutes a waiver thereof.

Judgment affirmed.

T. MORAN and GUILD, JJ., concur.