THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JONATHAN TOWNSEND, Defendant-Appellant.

(No. 71-62;

Fifth District—June 13, 1972.

Paul Bradley, of Defender Project, of Mt. Vernon, (Robert E. Farrell, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, (William R. Poston, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant, Jonathan Townsend, was tried by jury in the Circuit Court of St. Clair County on an indictment charging him with the crime of perjury, was found guilty and sentenced to the penitentiary for a term of not less than two nor more than five years. On appeal he contends that the evidence was insufficient to prove his guilt beyond a reasonable doubt. He also argues that he was prejudiced by the improper introduction of evidence of a prior conviction and that his constitutional right to

be present at all stages of his trial was violated. He further contends that the sentence imposed was excessive.

We will turn first to defendant's claim that he was denied his right to be present at all stages of the trial. It is provided by statute that upon agreement between the State and defendant, or his counsel, a jury may seal and deliver its verdict to the clerk of the court and separate. It is further provided, however, that the jury shall then return such verdict at open court at its next session. Ill. Rev. Stat. 1969, ch. 38, sec. 115—4(1).

The defendant was brought before the trial judge at approximately 10:00 o'clock A.M. on the day following submission of the case to the jury. At that time the trial judge inquired as to whether this was the same case where the defendant was found guilty by the jury of the preceding day. Defendant took note of this statement and commented upon the fact that the verdict had apparently been returned out of his presence and promptly requested his attorney to make a record pertaining to his absence when the verdict was returned. The court then stated: "Let the record show that (that a sealed verdict had been opened prior to defendant's presence in court), and let the record show this verdict was to be opened by 9:30, at the direction of this court, and the defendant was so informed yesterday." This statement by the court, wherein it indicated that the verdict was to be "opened" and that it had informed the defendant of this fact on the preceding day, is the only indication in the record that there may have possibly been an agreement concerning a sealed verdict. The court's statement, however, also indicated that this procedure was adopted "at the direction of the court", leaving the possibility that the procedure employed was initiated solely by the court and that there was no agreement on the part of the defendant as is expressly required by statute. Furthermore, even if it could be found that there was an agreement to a sealed verdict, there is nothing to indicate a waiver of the right to have the jury return that verdict in defendant's presence.

■■■ The committee comments concerning the section of the statute heretofore referred to state that it is necessary that the jury return the sealed verdict in open court in order to afford the defendant the right to poll the jury. It has been previously clearly established that a defendant's right to poll the jury is a substantial right (*People v. DeStefano*, 64 Ill.App.2d 389, 408), and defendant here was not given the opportunity to exercise this right. There is no evidence in the record to substantiate that the defendant or his counsel ever agreed to the sealed verdict or to its return other than by the jury. However, the State's Attorney maintains that the jury and the defendant were both present and that the defendant was represented by counsel when the verdict was read to him. The State has submitted a Motion to Add to the Record on Appeal accompanied

by certificates from both the Trial Judge and the Assistant State's Attorney to the effect that the jury, defendant, defense counsel, the Assistant State's Attorney, and the presiding judge were all present when the verdict was read to the defendant. It has long been held that a fact proposed to be incorporated into a record to supply an omission cannot rest in the recollection of the judge or other person (*Hubbard v. People,* 197 Ill. 15) and that an amendment of a record cannot be made either from the memory of a witness, from the recollection of the judge himself, or by affidavit, but the record must show the basis upon which the amendment or correction is made. (*People v. Okulczyk,* 410 Ill. 115; *People v. Miller,* 365 Ill. 56, 5 N.E.2d 458.) Here only the statement of the judge and the Assistant State's Attorney support the Motion to Add to the Record on Appeal. Therefore the Motion must be denied and the court will consider the evidence as it appears in the record. The record shows these errors or omissions: (1) a sealed verdict was received without it appearing that defendant or his counsel agreed to have a sealed verdict; (2) the sealed verdict was opened out of the presence of defendant even though defendant was in custody; (3) the jury was not present when defendant was advised of the verdict, thus eliminating any possibility of polling the jury. Under such circumstances we have no alternative but to reverse.

Inasmuch as it is necessary to remand this case for new trial there is no cause to consider the sufficiency of the evidence, the claimed prejudicial comments or actions on the part of the State or the excessiveness of the sentence imposed. The judgment of the Circuit Court of St. Clair County is accordingly reversed and remanded for a new trial in consequence of the views expressed herein.

Reversed and remanded.

G. MORAN, P. J., and EBERSPACHER, J., concur.