THE PEOPLE *ex rel.* MARY PAUL, Plaintiff-Appellant, *v.* ROBERT HARVEY, Defendant-Appellee.

(No. 56379; )

First District—December 1, 1972.

Edward V. Hanrahan, State's Attorney, of Chicago, (Paul P. Biebel, Jr., and Robert M. Sachnoff, Assistant State's Attorneys, of counsel,) for appellant.

Edward M. Genson and Seymour D. Vishny, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

On behalf of Mary Paul, the State of Illinois brought a paternity action against defendant Robert Harvey pursuant to Ill. Rev. Stat. 1969, ch. 106¾. The complaint alleged that defendant was the father of a child, David Patrick Paul, born to Mary Paul out of wedlock. At trial, a jury found defendant not guilty and judgment was entered accordingly.

Appellant contends that certain errors were made in conducting the trial. Specifically, appellant contends that: (1) the trial court should have dismissed the jury or returned it for further deliberations when, upon polling, a juror dissented from the verdict; (2) plaintiff's counsel should have been permitted to comment on anticipated instructions during closing arguments; and (3) the trial court should have permitted plaintiff's counsel to make legal arguments for the record outside the presence of the jury.

The record contains the following facts relevant to appellant's first contention. During the polling of the jury, the following colloquy occurred between the court and a juror:

"THE COURT: Is this and was this your verdict?
JUROR: Well, it wasn't exactly, no.
THE COURT: Did you sign this?
JUROR: Yes, I did.
THE COURT: Then it's your verdict."

After the polling of the jury, the court accepted the jury's verdict without objection by plaintiff's counsel.

The record indicates the following facts relevant to appellant's second contention relating to final arguments. Sometime after a conference on instructions, plaintiff's counsel made the following statement during his final argument.

"Now I would like for a moment to discuss with you the Court's instructions which I believe will be given to you. I believe—"

Defense counsel's objection to this language was sustained by the court, which stated:

"You have no right to discuss or presume or assume what instructions will be given. Therefore, the objection is sustained as to discussing the instructions that you anticipate the Court will give the jury."

When plaintiff's counsel asked to be heard regarding the matter, the court denied his request and stated:

"You may state as to what you believe the Court will instruct the jury, as to what law pertains, but you can't make a flat statement that the Court will instruct the jury on what you believe."

When plaintiff's counsel repeated the same argument, word for word, to the jury, the court restated its ruling and asked:

"What right are you going on to instruct the jury as to the instructions that this Court is going to give?"

Plaintiff's counsel then pointed out:

"I specifically said I believe the Court—."

But the court replied:

"No, you believe what you believe. You believe wrong. You can't read from a written statement, you know better than that."

After this exchange, plaintiff's counsel modified his final argument.

The record contains the following facts relevant to appellant's third contention regarding legal arguments for the record. The following colloquy immediately followed an off-the-record discussion.

"PLAINTIFF'S COUNSEL: For the record, I would like to have it stated that we have not been allowed to be heard on the record with respect to the gestation period.

THE COURT: I didn't say that. I said I didn't want to hear any more from you outside the courtroom.

PLAINTIFF'S COUNSEL: Then I want to be heard on the record outside the courtroom.

THE COURT: Your motion is denied. The court reporter will not enter anything to the effect of what Counsel attempted to say into the record."

The record shows nothing further regarding plaintiff's legal arguments.

*OPINION*

■■ As noted above, appellant first contends that the trial court erred by not dismissing the jury or returning it for further deliberations when one of the jurors dissented upon being polled. The polling of a jury is intended "to ascertain whether any juror had been coerced into agreeing upon a verdict—coerced by his associate jurors." (*Ritchie v. Arnold* (1898), 79 Ill.App. 406, 409.) While polling the jury, a trial court must be careful not to hinder a jurors' expression of dissent. (*Poppers v. International Bank* (1882), 10 Ill.App. 531, 534.) If any juror does dissent from the verdict submitted to the court, such verdict is invalid. (*Carlyle Canning Co. v. Baltimore & O.S.W. Ry. Co.* (1898), 77 Ill.App. 396, 402.) The proper remedy in such cases is for the trial court, on its own motion if necessary, to return the jury for further deliberations. *Martin v. Morelock* (1863), 32 Ill. 485, 488.

■■ In the instant case, we cannot determine from the record whether

or not the juror dissented from the verdict. Although the juror signed the verdict, her statements upon being polled indicated the possibility of disagreement with the verdict. The court, however, did not explore this possibility; rather, it assumed concurrence in the verdict from the mere fact that the juror signed the verdict. If the signing of a verdict were to be considered conclusive, as was done by the court in this case, a polling of the jury would in every case, become a perfunctory and senseless procedure. Moreover, the court's language foreclosed the juror from an opportunity to express dissent. This was error. When the court polls the jury it must fully examine those jurors whose statements indicate possible dissent from the verdict. Its examination must be conducted with a view toward determining whether any juror had been coerced into accepting the verdict of the other jurors. Appellee argues, however, that appellant waived this error by not objecting at trial. We are not convinced by this argument as the polling of the jury was conducted at appellant's request.

■■ Secondly, appellant contends that the trial court erred in not permitting counsel to comment on anticipated instructions during final argument. In jury cases, Illinois courts hold a conference on instructions prior to final arguments (Ill. Rev. Stat. 1971, ch. 110, sec. 67), so that "counsel may be afforded an opportunity to develop their arguments in accordance with the instructions which will be given * * *." (Comment to sec. 67, Smith-Hurd Ann. 1968, ch. 110, sec. 67, at 298-9.) Clearly, unless counsel's argument will mislead the jury regarding the law, counsel have a right to comment on anticipated instructions during final argument. (*Coyne v. Avery* (1901), 189 Ill. 378, 381, 59 N.E. 788, 789-790.) Since a conference on instructions had been held prior to his final argument, plaintiff's counsel knew what instructions were going to be given. Nothing in counsel's argument at the time it was interrupted indicated that he was going to mislead the jury. In fact, he was prefacing his argument in precisely the manner suggested by the court. Moreover, the court initially misstated the law when, in sustaining the objection, it said that counsel had no right to discuss instructions. Particularly when combined with the other trial errors, this conduct was prejudicial error.

■■ Appellant argues finally that the trial court erred by not permitting plaintiff's counsel to make legal arguments for the record outside the presence of the jury. Legal arguments to the trial court are frequently the building blocks of appeal; but such arguments may influence or confuse the jury if made within their presence. Therefore, since off-the-record discussions may sometimes be appropriate, trial courts must give counsel wide latitude to present their legal arguments for the record outside the presence of the jury.

■■■ In the instant case, while we do not know the content of the off-the-record discussion which occurred, we do know that plaintiff's counsel objected to not being permitted to be heard on the record regarding the gestation period and that the court reporter was instructed not to record any argument counsel made. This was error. An attorney has the right to make a record. The accuracy and completeness of a trial record is essential to this court's determination of the merits of a case on appeal. (*Bertrand v. Taylor* (1877), 87 Ill. 235, 237.) Although a trial court has discretion in its conduct of a trial, it has no right to prevent counsel from presenting proper legal arguments for the record or to prevent the court reporter from accurately reporting what occurred at the trial. Since the trial record contains no indication that counsel was attempting to have evidence admitted rather than making a legal argument, appellee's contention that an offer of proof should have been made is irrelevant.

For errors in the conduct of the trial, this case is reversed and remanded for a new trial.

Reversed and remanded.

DRUCKER and ENGLISH, JJ., concur.