THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RALPH B. HILL, Defendant-Appellant.

(No. 72-326;

Fifth District—October 2, 1973.

Hanagan, Dousman & Giamanco, of Mt. Vernon, (Paul D. Giamanco, of counsel,) for appellant.

Frank Bonan, State's Attorney, of McLeansboro, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant was convicted of the offense of contributing to the sexual delinquency of a child in violation of section 11—5(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 11—5(a)(3)) after a jury trial in Hamilton County. He was sentenced to a term of one year at the Illinois State Farm at Vandalia. The case is here on direct appeal.

Appellant has urged five grounds for reversal: (1) That the court erred in denying defendant's motion to suppress; (2) that the court erred in admitting evidence that defendant submitted to a polygraph test; (3) that defendant was not proven guilty beyond a reasonable doubt; (4) that the jury's verdict resulted from undue pressure; and (5) that defendant's sentence was excessive.

As regards the Motion to Suppress there is conflict in the testimony. Mr. Whitlock, the polygraph operator testified that the warnings were given before the polygraph examination. The Sheriff first corroborated this testimony but later changed his statement and testified that the *Miranda* warnings were given after the polygraph examination but before defendant's statement. Defendant did not directly deny receiving the warnings but a denial might be inferred from his testimony. If Mr. Whitlock's testimony is believed the motion was properly denied, and on the basis of the entire record the trial court could accept this testimony as true. We also note that there were two motions to suppress, one by defendant's first attorney which was denied after hearing by one judge, and the second by defendant's trial attorney which was denied after hearing by a different judge.

■■ Appellant's second contention is that the trial judge improperly allowed evidence of a polygraph test into the trial. The fact that a polygraph test was given defendant was mentioned by the polygraph operator while being questioned by the State's Attorney. At this time there was no indication of the result of the test and appellant's counsel made no objection. While this mentioning of the fact that appellant had agreed to a polygraph test might be error, it is not enough to require reversal. Further mention of the polygraph was made by defendant while being questioned by his own counsel. Although it is clear that defense counsel was not seeking such an answer, some evidence of the possible result of the test came forward at this time. It has been held that evidence of a polygraph test elicited from the defendant when not required as a part of an answer to a question by the prosecutor will not be considered error. *People v. Stacey*, 25 Ill.2d 258, 184 N.E.2d 866, *cert. denied* 371 U.S. 964, 83 S.Ct. 546.

Appellant's third contention is that he was not proven guilty beyond a reasonable doubt. Had the motion to suppress been granted this contention could require discussion. However, in view of the admitted inculpatory statements, the evidence amply supports the guilty verdict of the jury.

■■ Appellant next contends that the verdict of the jury resulted from coercion. The jury retired to consider their verdict at 2:40 P.M. and announced that they had reached a verdict at approximately 6:10 P.M. We find that this amount of time is reasonable. Also after the verdict was returned defense counsel requested that the court poll the jury. The eighth juror answered "No. No, sir." Defense counsel interjected: "For the record, she said, 'No. sir.'" The court then stated: "The question again at this point: Is this your verdict? Yes or no? I couldn't hear your reply. Would you answer again. Is this your verdict, Chrystal E. Hale?" At this point she answered "Yes, sir." At the conclusion of the polling of the jury defense counsel stated: "Could I ask that Mrs. Hale be asked again? There is a conflict. She said 'No' and then she said 'Yes'." To which the court replied: "I think I asked twice. The reply was 'Yes' as I could hear. Chrystal E. Hale, is this your verdict?" To which the juror answered "Yes". We find no coercion here. When the judge did not hear the reply he had a duty to ask again. If it was not the juror's verdict she was given ample opportunity to so state. It is further contended that the juror Ruth Anderson hesitated before answering "Yes". We do not see how hesitating before answering "Yes" can be construed to be an answer of "No". If the hesitation proves anything it is that the juror was careful about her answer.

■■ The final contention is that the sentence is excessive. Defendant was sentenced to the maximum amount of imprisonment for the crime charged. He was 66 years old and steadily employed. He had no prior criminal record. He was apparently under the influence of alcohol when he committed the offense. Had he not made the inculpatory statement, it would appear that he might not have been convicted. Considerable evidence offered in mitigation and neither the probation officer or the State's Attorney recommended against probation. In denying probation and sentencing the defendant the trial judge commented on the fact that defendant might have been charged with a felony instead of a misdemeanor. Since he was not charged with, nor proven guilty of committing a felony, it would be improper to use this as a basis for either denying probation or setting defendant's sentence.

The trial court did not mention the possibility of defendant committing another offense, or whether or not rehabilitation of defendant would require that he receive the penalty provided. We cannot say that the court gave any consideration to these important factors to be considered in deciding whether or not to grant probation.

During the pendency of this appeal the Unified Code of Corrections (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1001—1—1 *et seq.*) has become effective. It provides alternatives which were not available to the trial court at the time of sentencing if the court is of the opinion that ordinary probation is not appropriate.

For these reasons we affirm the conviction but reverse and set aside the sentence and the denial of probation and remand the cause for sentencing under the provisions of the Uniform Code of Corrections.

■■ Also, in view of the possible prejudice of the trial judge, as shown by the record, we order that the resentencing be done by a different judge.

Conviction affirmed, sentence reversed and cause remanded.

G. MORAN and JONES, JJ., concur.