THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK LARSON, Defendant-Appellant.

(No. 72-366; 

Second District—February 21, 1974.

Ramer B. Holtan, of Holtan & Garrity, of Freeport, for appellant.

F. Lawrence Lenz, State's Attorney, of Freeport (James W. Jerz, of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was charged by information with the offense of unlawful using and exploding fireworks in violation of section 2 of the Fireworks Regulation Act (Ill. Rev. Stat. 1971, ch. 127½, par. 128).[1] After a jury trial defendant was adjudged guilty, sentenced to 6 months probation, conditioned on imprisonment in the county jail from 7 A.M. to 6 P.M. on a day certain, and fined $76, plus costs.

Defendant appeals, contending that he was misled or entrapped because he had been permitted to hold fireworks exhibitions on previous July 4th holidays without any suggestion that the county did not have a regulatory ordinance authorizing such permission. He further urges reversible error in the prosecutor's closing argument. Alternatively, he requests that the sentence be reduced.

It was stipulated at trial that the defendant used and exploded fireworks for the purpose of display on July 4, 1972. There was evidence that on July 1, 1972, an employee of defendant went to the office of the sheriff to pick up a form of permit which defendant had left there two or three days earlier for the signature of the sheriff who was then out of town. The form was a printed document provided to defendant by the supplier of the fireworks. The deputy refused to sign the permit on July 1, since the sheriff had not returned. On July 3 the defendant's employee met with the sheriff, the county clerk and the State's Attorney. The State's Attorney advised that the permit was unavailable and that the display would be a violation of law which could result in a fine and/or a jail sentence.

The sheriff testified that he had signed a similar printed form of permit in 1970 and 1971 with the understanding that the fireworks company required it before they would sell fireworks to the defendant. He also signed similar permits for others in a number of previous years. In other years permits had been granted either by the chairman of the county board or one of its committees. He testified that he was not aware of any regulations of the county concerning fireworks displays. He testified that he personally informed the defendant on July 3, 1972, that no permit would be issued.

The county clerk testified that he found no resolution of the county board dealing with fireworks displays after his inspection of the county records.

---

[1] "Except as hereinafter provided it shall be unlawful for any person, * * * to * * * use or explode any fireworks; provided that * * * the board of supervisors in counties under township organization, shall have power to adopt reasonable rules and regulations for the granting of permits for supervised public displays of fireworks. * * *"

Defendant testified that he was 66 years of age; that as an owner of a gravel business, a restaurant-bar, and the Freeport Raceway, an automobile race track where the fireworks display was held, he was familiar with licensing requirements for those enterprises. He was aware that the sheriff had no authority to grant him a permit for the explosion of fireworks on July 4, 1972; but did not believe he was violating the law because he was doing as a public service that which had been done in numerous past years. He testified that he provided for ambulance, fire and safety protection including the hiring of two deputy sheriffs who were present at the display to keep order.

■■ Defendant's generalized claim of entrapment and estoppel offered without citation of cases, is not persuasive. The statute is clear in its terms (*Acme Fireworks Corp. v. Bibb* (1955), 6 Ill.2d 112, 120-121) and has been violated by defendant's admitted acts. In light of the express warning given to defendant prior to the offense, the elements necessary to substantiate the defense of entrapment have not been proved. See *People v. Dollen* (1972), 53 Ill.2d 280, 283-284.

■■ Nor can defendant properly urge equitable estoppel against the county or its agent based on its granting of a permit without lawful authority in previous years and the refusal to grant a permit in the year in question upon being advised of its lack of authority. Ordinarily, the neglect or omission of a public officer of the county, a subdivision of the state, cannot work an estoppel against the State in a matter of the exercise of governmental functions. This is particularly true when strong issues of public policy are involved such as, for example, the collection of revenue. (See *Clare v. Bell* (1941), 378 Ill. 128, 131-132; *Austin Liquor Mart, Inc. v. Department of Revenue* (1972), 51 Ill.2d 1, 4—6.) The application of estoppel against the State is particularly inappropriate in criminal prosecutions, involving the welfare and safety of the community (28 Am.Jur.2d *Estoppel and Waiver,* sec. 126); and in view of the State's Attorney's duty and authority to commence and prosecute all criminal actions. (*People v. Baron* (1970), 130 Ill.App.2d 588, 591.) While there may conceivably be extraordinary circumstances in which a court will intervene to prevent abuse of its process (see *Austin Liquor Mart, Inc. v. Department of Revenue* (1972), 51 Ill.2d 1, 6-7), they are not present here.

Defendant also contends that the closing argument of the State's Attorney was improper and inflammatory in urging that the laws should be enforced against old people as well as young, in referring to law breakers being evil, and in characterizing the defendant as a "sly fox". No objections were made at the trial. From our examination of the entire argument, we find no prejudicial error of the magnitude which would require

a new trial and no reason to refuse to apply the waiver rule invoked by the failure to object. See *People v. Pearson* (1972), 52 Ill.2d 260, 269; *People v. Hampton* (1969), 44 Ill.2d 41, 46; *People v. Ostrand* (1966), 35 Ill.2d 520, 531-2.

■■■ The defendant also refers to a portion of the closing argument by the State's Attorney which he claims implied that defendant should be convicted because the county would deal with him lightly in any event. *People v. Galloway* (1963), 28 Ill.2d 355, 362, cited by defendant has held that it is improper to argue the punitive effect of a jury's verdict when the jury does not fix the punishment. The comment here was clearly not of the nature which requires reversal. The prosecutor in rebuttal stated that the jury should not consider past practices of allowing fireworks displays in the county since the court could consider this only in mitigation of sentence. This comment, however, was in answer to the argument of defendant's counsel that defendant was led to do what he did by the way the matter had always previously been handled, and that rather than being prosecuted he should have been given a gold medal. To the extent that the prosecutor was stating that evidence of what had been merely customary procedure is not a defense in a criminal trial (*People v. Klein* (1922), 305 Ill. 141, 149), the argument was proper. The further remark of the prosecutor that the court would consider past practices in mitigation of the sentence was improper. But, again, it was not objected to and could not have changed the verdict. The argument was therefore not reversible error. *People v. Koshiol* (1970), 45 Ill.2d 573, 580.

Defendant also contends that the sentence was frivolous and without proper basis. We would agree that sentencing is never a suitable occasion for humor; and that it was unseemly for the court to refer to the "Spirit of '76", and to impose a sentence which carried on the connection between 7's and 6's in both the condition of periodic imprisonment for a portion of a day and in the assessment of the fine.

■■ In view of all the circumstances disclosed in the record, we conclude that the imposition of periodic imprisonment on a portion of a day certain and the imposition of a $76 fine are both inappropriate conditions of probation since they appear to be based more on whimsey than judicial discretion.

We, therefore, exercise our authority to reduce the sentence to 6-months' probation and costs, pursuant to Ill. Rev. Stat. 1971, ch. 110A, par. 615(b)(4). As modified, the judgment below is affirmed.

Judgment of conviction affirmed, sentence modified.

GUILD and RECHENMACHER, JJ., concur.