The People of the State of Illinois, Plaintiff-Appellee, *v.* Alexander Herron, Defendant-Appellant.

(No. 60370; )

First District (1st Division)—July 21, 1975.

James J. Doherty, Public Defender, of Chicago (Leonard V. Solomon and Suzanne M. Xinos, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Raymond J. Prosser, and Michael J. Angarola, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Alexander Herron was found guilty of the murder of John R. Giles and sentenced to a term of 20 to 60 years in the penitentiary. On appeal he raises the single issue that the trial court's failure to elicit from a juror an explanation of a claimed equivocal response to a poll of the jury left a reasonable doubt as to the unanimous assent of the jury in finding the defendant guilty.

A verdict of guilty to the charge of murder, signed by the foreman and all the jurors, was returned by the jury. After the verdict was read, the defendant requested that the jury be polled. The clerk then inquired of each juror, "Was this and is this now your verdict?" Eleven of the jurors replied, "It was." The foreman of the jury, however, replied, "It wasn't, but it is." The defendant and his attorney made no objection to

this answer. The poll of the jury was completed, and the court found that the verdict was unanimous and dismissed the jury. The defendant subsequently filed a motion for a new trial which included 12 grounds. None of these grounds raised the issue before us in this appeal.

The defendant contends that the response of the jury foreman, during the polling of the jury, cast a reasonable doubt on the unanimity of the verdict, and that it was error for the court not to elicit an explanation from the foreman as to what his response meant. The foreman's response, defendant contends, raised the question of whether the foreman had gone along with the verdict to please the majority of the jurors rather than coming to his own independent verdict of guilty.

■■ We must first note that the defendant did not raise this issue before the trial court. The defendant and his attorney remained silent during the polling of the jury and did not raise the issue in the motion for a new trial. The general rule is that the failure to raise an issue at trial waives a party's right to urge the point on appeal. (*People v. Pickett*, 54 Ill.2d 280, 296 N.E.2d 856.) The defendant in our case raised this question for the first time on appeal. Where a party seeks to attack the unanimity of a verdict because of a juror's response during a poll of the jury, that party must make a timely objection or motion before the trial court or he waives the point. *Commonwealth ex rel. Ryan v. Banmiller* (1960), 400 Pa. 326, 162 A.2d 354; *State v. Asher* (1922), 63 Mont. 302, 206 P. 1091; *State v. Daniels* (Mo. 1961), 347 S.W.2d 874.

The defendant concedes his failure to raise the issue at trial, but contends that we should consider the merits of his argument by invoking our discretionary power under Supreme Court Rule 615 to hear matters which affect the substantial rights of an appellant who has failed to bring such matters to the attention of the trial court. Ill. Rev. Stat. 1973, ch. 110A, par. 615(a).

■■ Supreme Court Rule 615 gives a reviewing court the discretion to consider matters affecting an appellant's substantial rights even though such matters were not raised at the trial level. The Rule does not mandate that a reviewing court consider all errors involving an appellant's substantial rights. (*People v. Pickett*, 54 Ill.2d 280, 296 N.E.2d 856.) In *Pickett*, the defendant contended that he was denied a fair trial because his attorney was not present when the guilty verdict was returned, and therefore was denied the opportunity to poll the jury. The court held that the defendant's failure to raise this contention in his motion for a new trial waived his right to have the matter considered on appeal. Bearing in mind our discretionary power to consider the merits of the defendant's appeal despite his failure to raise his contention at trial, we

will consider whether any of the defendant's substantial rights was seriously affected by what transpired during the polling of the jury.

It is clear that a defendant in Illinois has the right to poll the jurors after they render a guilty verdict, and that this right is a substantial right. (*Nomaque v. People*, 1 Ill. (Breese) 145; *People v. DeStefano*, 64 Ill.App.2d 389, 212 N.E.2d 357; *People v. Townsend*, 5 Ill.App.3d 924, 284 N.E.2d 414.) In our case the defendant was accorded his right to poll the jury. The real issue is whether the response of the foreman, during the polling of the jury, cast a reasonable doubt on the unanimity of the verdict.

■■ There is no requirement that a juror's response during a poll of the jury must be in any specific form. The unanimity of the verdict is not destroyed merely because a juror's response is unorthodox. The real question is whether the court, upon hearing the juror's response, reasonably believes that the juror has freely assented to the verdict.

Two cases in Illinois have dealt with the question of whether a juror's unorthodox response, during a poll of the jury, negated the unanimity of a guilty verdict in a criminal trial. In one case a juror, when asked by the clerk whether this was her verdict, replied, "No. No, Sir." The court then inquired whether this was her verdict and she changed her answer, stating, "Yes, sir." (*People v. Hill*, 14 Ill.App.3d 20, 302 N.E.2d 373.) In the other case a juror responded, "I pleaded guilty, yes." (*People v. Massie*, 5 Ill.App.3d 432, 283 N.E.2d 293.) In both cases it was held that the responses did not demonstrate any lack of unanimity among the jurors.

In the instant case, the foreman's response, "It wasn't, but it is." differed from the other jurors' responses, "It was." However, the foreman's response clearly implies that the guilty verdict "is" his verdict. Why he preceded his statement, "it is" with, "It wasn't, but," is unclear. He may have merely been saying that he did not believe that the defendant was guilty when the jury began its deliberations but that he later became convinced of the defendant's guilt after the matter was discussed in the jury room. Whatever the phrase, "It wasn't, but" was meant to mean, it does not take away from the fact that the foreman stated that the guilty verdict "is" his verdict now.

The defendant contends that the foreman's response, "It wasn't, but it is," may have meant that the foreman did not believe that the defendant was guilty beyond a reasonable doubt and that the foreman went along with the verdict to please the majority of the jury. The Supreme Court of California has held that the question of whether a juror had freely assented to a verdict, as revealed by his response during a poll of

the jury, was a question of fact for the trial court to decide. *People v. Superior Court* (1967), 67 Cal.2d 929, 434 P.2d 623, 64 Cal. Rptr. 327.

We agree that the question of whether a juror, in responding to a poll of the jury, has freely assented to a verdict is a question of fact for the court to decide. The trial court is in the best position to determine this question because it not only hears the juror's responses but also can observe the juror's demeanor and tone of voice. (*People v. Superior Court* (1967), 67 Cal.2d 929, 434 P.2d 623, 64 Cal. Rptr. 327; *Commonwealth ex rel. Ryan v. Banmiller* (1960), 400 Pa. 326, 162 A.2d 354.) We are of the opinion that a trial court's determination of whether a juror's response to a poll of the jury indicates a lack of voluntary assent to the verdict should not be overturned by a court of review unless the trial court's conclusion is clearly unreasonable.

■■ In our case the trial court concluded, after hearing the foreman's response, that the jury was unanimous in their verdict of guilty. The defendant and his attorney were present when the jury was polled, and they made no objection, nor motion in response to the foreman's statement. Apparently everyone present accepted the jury's verdict as unanimous. We are of the opinion that the trial court's conclusion that the verdict was unanimous was a reasonable conclusion.

The judgment is affirmed.

Judgment affirmed.

EGAN and SIMON, JJ., concur.