THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS R. GARDNER et al., Defendants-Appellants.

Fifth District   No. 75-188

Opinion filed July 29, 1976.

G. J. MORAN, J., dissenting.

Apoian, Ross & Funk, P.C., of East St. Louis (Haig Apoian, of counsel), for appellant Thomas R. Gardner.

James J. Gomric, of Belleville, for appellant Harry McCraw.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

After a jury trial in the circuit court of St. Clair County, defendants Thomas R. Gardner and Harry McCraw were convicted of the offense of burglary and each was sentenced to a term of two to six years in the penitentiary. Both defendants have appealed and their appeals have been consolidated for purposes of review.

Two issues are presented by the defendant, Thomas R. Gardner for review: The first is whether the trial court erred in not dismissing the jury or alternatively returning it for further deliberations when, upon polling, a juror expressed his assent to the verdict in an unorthodox manner. Defendant Harry McCraw appealed only upon this issue. The second issue raised by defendant Gardner is whether the prosecutor's closing argument was improper and prejudicial.

During the polling of the jury, the following exchange transpired between the trial judge and juror Bunetic:

"The Court: Mr. Bunetic?

Mr. Bunetic: I give my verdict as not guilty, but there was certain points that I was not certain of, that I was * * * reluctant, I should state.

The Court: Did you sign this verdict?

Mr. Bunetic: I signed it guilty.

The Court: Is this your verdict?

Mr. Bunetic: I signed it guilty, sir."

The court then polled the remaining jurors. Only after the entire jury had been polled and excused did the defendants place their objection to Bunetic's verdict on the record. There was no motion for a mistrial nor was there a request by defendant's counsel that the court return the jury for further deliberations.

The defendants argue that on the basis of the responses given by Bunetic, the trial court, *sua sponte*, should have declared a mistrial or returned the jury for further deliberations. The State argues that the trial court acted properly, and that the defendants waived their rights by their failure to raise the objection in a timely fashion at the trial.

The real question is whether the response of the juror, during the polling of the jury, cast a reasonable doubt on the unanimity of the verdict.

■■ The case of *People v. Herron*, (1st Dist. 1975), 30 Ill. App. 3d 788, 332 N.E.2d 623, collected the recent cases dealing with the question presented in this cause. *People v. Herron* dealt with the foreman's response, "It wasn't, but it is." The court said at pages 791-792:

"Two cases in Illinois have dealt with the question of whether a juror's unorthodox response, during a poll of the jury, negated the unanimity of a guilty verdict in a criminal trial. In one case a juror, when asked by the clerk whether this was her verdict, replied, 'No. No, Sir.' The court then inquired whether this was her verdict and she changed her answer, stating, 'Yes, sir.' (*People v. Hill*, 14 Ill. App. 3d 20, 302 N.E.2d 373.) In the other case a juror responded, 'I pleaded guilty, yes.' (*People v. Massie*, 5 Ill. App. 3d 432, 283 N.E.2d 293.) In both cases it was held that the responses did not demonstrate any lack of unanimity among the jurors.

In the instant case, the foreman's response, 'It wasn't, but it is.' differed from the other jurors' responses, 'It was.' However, the foreman's response clearly implies that the guilty verdict 'is' his verdict. Why he preceded his statement, 'it is' with, 'It wasn't, but', is unclear. He may have merely been saying that he did not believe that the defendant was guilty when the jury began its deliberations but that he later became convinced of the defendant's guilt after the matter was discussed in the jury room. Whatever the phrase, 'It

wasn't, but' was meant to mean, it does not take away from the fact that the foreman stated that the guilty verdict 'is' his verdict now.

The defendant contends that the foreman's response, 'It wasn't, but it is,' may have meant that the foreman did not believe that the defendant was guilty beyond a reasonable doubt and that the foreman went along with the verdict to please the majority of the jury. The Supreme Court of California has held that the question of whether a juror had freely assented to a verdict, as revealed by his response during a poll of the jury, was a question of fact for the trial court to decide. *People v. Superior Court* (1967), 67 Cal. 2d 929, 434 P.2d 623, 64 Cal. Rptr. 327.

We agree that the question of whether a juror, in responding to a poll of the jury, has freely assented to a verdict is a question of fact for the court to decide. The trial court is in the best position to determine this question because it not only hears the juror's responses but also can observe the juror's demeanor and tone of voice. (*People v. Superior Court* (1967), 67 Cal. 2d 929, 434 P.2d 623, 64 Cal. Rptr. 327; *Commonwealth ex rel. Ryan v. Banmiller* (1960), 400 Pa. 326, 162 A.2d 354.) We are of the opinion that a trial court's determination of whether a juror's response to a poll of the jury indicates a lack of voluntary assent to the verdict should not be overturned by a court of review unless the trial court's conclusion is clearly unreasonable."

The defense relies upon *People ex rel. Paul v. Harvey* (1st Dist. 1972), 9 Ill. App. 3d 209, 292 N.E.2d 124. In that case, a civil paternity action, the juror disavowed the verdict, saying "Well, it wasn't exactly, No." The court then asked: "Did you sign this?" to which the juror responded "Yes, I did," whereupon the court said: "Then it's your verdict." *People ex rel. Paul v. Harvey*, 9 Ill. App. 3d 209, 210.

The court's analysis in that case was as follows:

"Although the juror signed the verdict, her statements upon being polled indicated the possibility of disagreement with the verdict. The court, however, did not explore this possibility; rather, it assumed concurrence in the verdict from the mere fact that the juror signed the verdict. If the signing of a verdict were to be considered conclusive, as was done by the court in this case, a polling of the jury would in every case, become a perfunctory and senseless procedure. Moreover, the court's language foreclosed the juror from an opportunity to express dissent." 9 Ill. App. 3d 209, 212, 292 N.E.2d 124, 127.

The case before us is clearly distinguishable from *People ex rel. Paul v. Harvey*, on the facts. The court there assumed concurrence from the mere

act of signing. The court's language foreclosed the juror from an opportunity to express dissent. That was not the case here.

In this case, as in *People v. Hill* (5th Dist. 1973), 14 Ill. App. 3d 20, 302 N.E.2d 373, the juror was given ample opportunity to disavow the verdict. His initial response was ambiguous, and does not necessarily support the interpretation that he wished to disavow the verdict. We do not view the court's questions here as hindering or foreclosing the juror's expression of an unwillingness to acquiesce in the verdict.

■■ We find that the trial court concluded, after hearing all the responses of jurors, that a unanimous verdict of guilty had been reached. We do not believe that the trial court's conclusion as to unanimity was clearly unreasonable. For that reason, we affirm the trial court on this point.

The other issue presented upon appeal by defendant Thomas R. Gardner is the question of whether remarks made by the prosecutor during closing argument constituted prejudicial reversible error. The first set of remarks which the defendant Gardner objects to were as follows:

> "Mr. Daily: Now, Mr. Gomric would argue that the law is this and the law is that, that our indictment is in a certain form. I submit to you that if the indictment wasn't in the correct form, the Honorable Judge Gagen wouldn't have us proceeding here. He would have thrown this case out and said you go get a good indictment. The fact of the matter is we are here on a good indictment."

The second remark which the defendant objects to was as follows:

> "Mr. Daily: We would not come here and present a case if we didn't have all the proof we need to convict these two men of burglary."

We note at the outset that the defendant objected only to the last remark made. The court instructed the jury to disregard that remark. No objection was made to the former remark.

Because the remarks about the indictment were not objected to, we will not consider them. Defendant waived the issue. It has been settled in Illinois for many years that irregularities in a prosecutor's closing argument are waived if not objected to at trial. "Any error in closing argument, as here, may be waived by failure to object thereto." *People v. Moore* (1973), 55 Ill. 2d 570, 576, 304 N.E.2d 622. See also *People v. Edwards* (1973), 55 Ill. 2d 25, 302 N.E.2d 306, *cert. denied*, 415 U.S. 928, 39 L. Ed. 2d 486, 94 S. Ct. 1438 (1973); *People v. Donald*, (1963), 29 Ill. 2d 283, 287, 194 N.E.2d 227.

■■ The other comment by the prosecutor was objected to at trial, the objection was sustained, and the jury was instructed to disregard the remark. We do not find that this remark was prejudicial to defendant

either alone or in conjunction with the other remark previously discussed.

This case is clearly distinguishable from *People v. Bitakis* (1st Dist. 1972), 8 Ill. App. 3d 103, 289 N.E.2d 256, which the defendant cites in support of his contention of error. There the prosecutor invoked his own reputation and personal and professional prestige and warranted the truthfulness of the People's witnesses, stating he would not have called them otherwise. He suggested that he had the power to *nolle prosse* the case if the defendant was believed innocent, and the reason they didn't do so was because there wasn't one bit of fabricated evidence that went on the stand.

The evolution of the rule which defendant seeks to use to overturn this conviction is well stated in *People v. Bitakis*, at page 108. The court said:

> "Long ago, our Supreme Court said that '[w]hen one is put upon his trial for a grave crime, involving his liberty and life, as in this case, it is highly improper for the prosecutor to do or say anything whose only effect will be to inflame the passion or arouse the prejudices of the jury against the accused, without throwing any light upon the case at hand.' (*Earll v. People* (1881), 99 Ill. 123, 136.) From this pronouncement has evolved the rule that it is improper for a prosecutor to state his opinion as to the guilt or innocence of a defendant or to state facts not proved by the evidence, or otherwise get before the jury that which amounts to his own testimony. (*People v. Rothe*, 358 Ill. 52, 192 N.E. 777; see *Raggio v. People*, 135 Ill. 533, 26 N.E. 377; *People v. King*, 276 Ill. 138, 114 N.E. 601; *People v. Black*, 317 Ill. 603, 148 N.E. 281.) This rule is universally recognized and widely applied. (See Annot., 50 A.L.R.2d 766.) Consistent with it, we held in *People v. Fuerback*, 66 Ill. App. 2d 452, 214 N.E.2d 330, that it was prejudicial final argument when an assistant State's Attorney told a jury that he would have *nolle prosequied* the case if he did not think defendant was guilty. (See *People v. Hopkins*, 124 Ill. App. 2d 415, 259 N.E.2d 577.)"

■■ The opinion which the prosecutor presented is a comment on the quantum of evidence which the State presented. It is proper for a prosecutor to argue or express his opinion that the accused is guilty where he states or it is apparent from the record that such opinion is based solely on the evidence. *People v. Prim* (1972), 53 Ill. 2d 62, 77, 289 N.E.2d 601, *cert. denied*, 412 U.S. 918, 37 L. Ed. 2d 144, 93 S. Ct. 2731 (1973); *People v. Jennings* (1973), 11 Ill. App. 3d 132, 296 N.E.2d 19.

Affirmed.

CARTER, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

I think this case should be remanded for a new trial under the rationale of *People ex rel. Paul v. Harvey*, 9 Ill. App. 3d 209, and also under the rationale of *People v. Cepek*, 357 Ill. 560.