THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HARRY RIDDLE, Defendant-Appellant.

Fifth District   No. 76-248

Opinion filed May 18, 1977.

G. MORAN, J., dissenting in part.

Joseph W. Hickman, of Benton, for appellant.

Terrence J. Hopkins, State's Attorney, of Benton (Bruce D. Irish and James R. Sanders, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant Harry Riddle was found guilty by a jury of theft of property valued at over $150 in the Circuit Court of Franklin County. Defendant presents two questions for review: whether the trial court erred in failing to dismiss the jury or return it for further deliberations when two jurors expressed their assent to the verdict in an unorthodox manner, and whether the trial court's sentence requiring defendant to serve 52 consecutive weekends in jail and to pay a $3000 fine as conditions of his probation was harsh and out of proportion to the nature of the offense.

During the trial of this case the State introduced evidence that three other individuals, who were county deputy sheriffs, and defendant took without authority three rolls of hog fencing wire from Three Reasons, Inc., at 3 a.m. on September 9, 1974. The value of the wire was in excess of $150. Defendant does not question the sufficiency of the State's evidence.

It is necessary to consider at the outset the State's contention that defendant waived any errors relating to the unanimity of the verdict by failing to object in the trial court when the alleged error occurred. The State cites *People v. Herron*, 30 Ill. App. 3d 788, 332 N.E.2d 623 (1st Dist. 1975), for the proposition that a party seeking to attack the unanimity of a verdict because of a juror's response during the poll of a jury must make a timely objection or motion before the trial court. It is true that no specific objection was made. However, after the polling of the jury by the court, the following exchange took place between the court and defense counsel:

> "THE COURT: * * * Before the jury is discharged do you have any motion you want to make?
>
> MR. HICKMAN: Yes, if you will note our intention of filing a motion for a new trial or in the alternative or motion—
>
> THE COURT: I think you will have a reasonable length of time to do that.
>
> MR. HICKMAN: We appreciate that, thank you."

■■ Defendant contends that it was error for the court to interrupt when defense counsel was about to make the necessary motion or objection to preserve the issue for appeal. On the other hand, the State maintains that when defense counsel was interrupted by the court he was merely announcing his "intention" to file written post-trial motions. However, we find it unnecessary to pass on the question whether defendant's attorney was attempting to file a motion or merely announcing his intention to do so. It is enough that we are dealing with a substantial right, that of the defendant to poll the jury. (*People v. Herron; People v. Townsend*, 5 Ill. App. 3d 924, 284 N.E.2d 414 (5th Dist. 1972).)

Accordingly, we elect to review defendant's contention. Ill. Rev. Stat. 1975, ch. 110A, par. 615.

In this case the jury was composed of 11 people after both parties agreed to excuse the 12th juror who was unable to continue because of ill health. Responses of all but two jurors, Mr. Gunter and Mrs. Christian, were routine and are not in issue. The exchanges between the court and the two jurors which defendant claims casts a reasonable doubt on the unanimity of the verdict are set out below:

"COURT: Mr. Gunter, is this your verdict?

A: Yes, sir.

Q. Are you satisfied with it?

A. In a way I was and in a way I wasn't.

Q. Do you want this to be your verdict?

A. I guess it will have to be.

Q: And do you want me to accept it?

A: Yes, sir.

\* \* \*

Q: Mrs. Christian, is this your verdict?

A: Yes, sir.

Q: Are you satisfied with it?

A: In some ways and in some ways not.

Q: Do you want me to accept it?

A: Yes, sir."

■■ To admit that the responses of these two jurors departed from the more orthodox responses of their peers does not automatically cast a shadow on the unanimity of the verdict. It is well established that a juror's response during a poll of the jury need not be in any specific form. (*People v. Hill*, 14 Ill. App. 3d 20, 302 N.E.2d 373 (5th Dist. 1973); *People v. Massie*, 5 Ill. App. 3d 432, 283 N.E.2d 293 (2d Dist. 1972).) Unanimity, in other words, is not destroyed merely because a juror's response is unorthodox. *People v. Herron.*

The *Herron* case presented a similar situation. There the foreman of the jury was asked by the court clerk, "Was this and is this now your verdict?" His response, "It wasn't but it is," was held by the court not to disturb the unanimity of the verdict. The appellate court took the position, as we do here, that the question of whether a juror had freely assented to the verdict is for the trial court to decide, because it has heard the juror's response in the context of his overall demeanor and tone of voice.

■■ It cannot reasonably be maintained that jurors Christian and Gunter were not given ample opportunity to express grave doubts or to disavow the verdict. The court's line of questioning seeking to determine each juror's satisfaction with the verdict was aimed to elicit the juror's true feelings. It is true that the responses in question were unorthodox, but

they were not expressions of dissent as defendant would have us believe. There is no sign that the jurors were coerced by their fellow jurors in this case. Nor is there any indication that the questions put forth by the court were in any way oppressive or designed to coerce assent to a verdict of guilty. The court took care to see that expressions of dissent by the jurors were not hindered. See *People ex rel. Paul v. Harvey*, 9 Ill. App. 3d 209, 292 N.E.2d 124 (1st Dist. 1972).

Defendant has also argued that the "lengthy deliberation" of the jurors in framing their responses was another indication of their uneasiness with the verdict. As suggested in *People v. Hill*, 14 Ill. App. 3d 20, 22, 302 N.E.2d 373 (5th Dist. 1973), this hesitation, if it means anything at all, may indicate merely that the jurors were careful to give well-considered answers.

■■ Defendant's final argument is that the conditions of probation imposed are unduly harsh. Although a court of review is given the discretionary power to reduce punishment under Supreme Court Rule 615(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(b)), this power must be exercised with caution. The trial court has been granted broad discretion in imposing conditions of probation. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—3(b); *People ex rel. Ward v. Moran*, 54 Ill. 2d 552, 301 N.E.2d 300 (1973).) After carefully reviewing the record in this case and giving deference to the position of the trial court in making a sentence determination, we find no abuse of discretion in the imposition of weekend imprisonment for 52 weeks or the fine of $3000 as conditions of probation.

For the reasons stated above, the judgment of the Circuit Court of Franklin County is affirmed.

Affirmed.

JONES, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting in part:

I am in agreement with the majority opinion except for that part relating to the fine of $3000 as a condition of probation. I believe the fine is out of proportion to the nature of this offense and is unduly harsh.

Section 5—9—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—9—1(c)) provides certain basic guidelines which a trial court is required to consider in its imposition of a fine:

"(c) In determining the amount and method of payment of a fine, the court shall consider:

(1) the financial resources and future ability of the offender to pay the fine."

There was nothing in the trial court's findings of fact at the sentencing hearing relating to defendant's financial resources or to his future ability to pay this fine. Absent such findings I do not believe this fine can be sustained.

In addition, a fine of $3000 is at odds with the theory underlying the trial court's imposition of sentence in this case and runs counter to the guarantees of article I, section 11, of the 1970 Constitution of Illinois, which provides in pertinent part:

> "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship."

The probation and weekend imprisonment imposed by the trial court are designed to allow the defendant to support his dependents and to initiate reform while simultaneously repaying his debt to society. Yet the burden of such a large fine could potentially interfere with defendant's progress by inducing criminal conduct if he is unable to legitimately pay off the fine. Accordingly, I believe that defendant's fine of $3000 should be stricken as a condition of his probation.