THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES R. MICHELS, Defendant-Appellant.

Third District   No. 77-54

Opinion filed May 25, 1979.

STOUDER, P. J., specially concurring.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Keefe, State's Attorney, of Rock Island (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

James R. Michels, the defendant, was charged in a four-count indictment with murder. After trial by jury in the circuit court of Rock Island County the defendant was found guilty of involuntary manslaughter and was sentenced to a term of imprisonment of not less than three years and four months nor more than 10 years.

Prior to imposing sentence the trial court scheduled a sentencing hearing, however, no witnesses were called to testify in aggravation or mitigation. Counsel for the defendant and the State's Attorney elected to rely on a presentence investigation report. Following arguments by counsel on proper sentencing alternatives and prior to imposition of a sentence the trial court made the following remarks:

"* * * There has been no evidence in mitigation or aggravation. I, therefore, now comes the point where I will comment to some extent upon the evidence received upon trial. The defendant in this case was tried by twelve people whom I regard as conscientious, competent jurors. They, along with the members of the court and the counsel involved here, the only people who heard all of the case, I, therefore, will accept their judgment that, and must accept as a matter of law that killing was done without intention. Nevertheless it was a gross and stupid act of serious dimensions and one that if the jurors had believed there was intention would have resulted in the conviction of the charge of murder. It was that matter that took the jury some twelve hours to deliberate and it

was a close matter and having considered the evidence the court is of the view that either of the verdicts could have been properly sustained * * *."

A brief resume of the facts leading to the defendant's conviction discloses that on the evening of June 22, 1976, he picked up three youths in his automobile. Later in the evening the defendant, while acting under a belief that he had been robbed by the youths, fired a warning shot at the fleeing youths. The next morning it was discovered that Steven Eric Skibba had been killed by the shot. Although the defendant did not immediately surrender himself to law enforcement officials when he learned that the victim Skibba had been shot, he was arrested shortly thereafter on June 23, 1976, and after his arrest fully cooperated with the officials.

It is the contention of the defendant that the trial court abused its discretion in sentencing him to a term of years in excess of the minimum provided by statute.

■■ The State first argues that the defendant waived consideration of any issue pertaining to sentencing by failing to file the record necessary for consideration of that issue. The record does support a finding that the defendant was derelict in his duty to seasonably file a report of proceedings even though ordered to do so by this court. We do not condone the disregard of a court order, however, the defendant claims that the failure to comply with various orders is attributable to the conduct of counsel who no longer represents him in this appeal. In the light of this contention we are not inclined to rule that he has waived the issue pertaining to sentencing. Justice would not be served by holding the defendant accountable for the neglect of procedural duties which should have been fulfilled by his counsel. (*People v. Aliwoli* (1975), 60 Ill. 2d 579, 328 N.E.2d 555.) The report of proceeding was eventually filed, which enables this court to consider the issue raised by the defendant.

It is not the contention of the defendant that the sentence imposed is impermissible under our Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1). It is, however, his contention that it is violative of the spirit and intent of the concept that all penalties should be determined according to the seriousness of the offense and with the objective of restoring the defendant to useful citizenship. Ill. Const. 1970, art. I, §11.

Where a sentence is within the limits prescribed by the legislature but nonetheless is claimed to be excessive, the sentence will not be disturbed unless it is greatly at variance with the purpose and spirit of the law. (*People v. Sprinkle* (1974), 56 Ill. 2d 257, 307 N.E.2d 161, *cert. denied* (1974), 417 U.S. 935, 41 L. Ed. 2d 239, 94 S. Ct. 2650.) When reviewing a sentence the standard is not what the reviewing court, sitting as a trier of fact, would have done, but whether the record shows an abuse of

discretion mandating a reduction of sentence. *People v. Pardue* (1977), 46 Ill. App. 3d 845, 361 N.E.2d 383.

Our supreme court has stated that, "A reasoned judgment as to the proper sentence to be imposed must be based upon the particular circumstances of each individual case. [Citation.] Such a judgment depends upon many factors, including the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age." *People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884.

■■ In the instant case the trial court had before it a presentence report which indicated that the defendant had been found delinquent as the result of committing the offense of battery. The report further disclosed adult convictions for criminal trespass to a motor vehicle, battery, two counts of reckless driving, misdemeanor theft, disorderly conduct, and various traffic offenses. The presentence report supports a conclusion that the defendant had a propensity for violence and reckless conduct. Any quarrel that the defendant has with the trial court's remarks at the time of sentencing is not well taken because there was ample information before the court to characterize his conduct as being grossly stupid and of serious dimensions.

The defendant argues that the court abused its discretion in sentencing him to a term of years in excess of the minimum which could be imposed because his entanglements with the law since 1971 had been limited to only four traffic offenses. This argument is not persuasive since there is ample precedent where similar sentences have been imposed where defendant's had no prior criminal record. See *People v. Chew* (1977), 45 Ill. App. 3d 1024, 360 N.E.2d 417; *People v. Thurston* (1975), 25 Ill. App. 3d 900, 324 N.E.2d 1.

The record does not support a contention that the sentence was imposed because the trial court believed the defendant was guilty of murder rather than involuntary manslaughter. The defendant in support of this contention cites the case of *People v. Hill* (1973), 14 Ill. App. 3d 20, 302 N.E.2d 373. In *Hill* the trial court commented on the fact that the defendant might have been charged with a felony instead of a misdemeanor, and the reviewing court held this observation to be improper since it indicated that the sentence was imposed on the basis of a possible felony conviction and there had been no charge as to the commission of a felony. In the instant case the defendant was charged with murder but found guilty by a jury of the offense of involuntary manslaughter. The trial judge was not indulging in speculation but instead was reciting what had actually occurred. Of greater import, the reviewing court in the case of *Hill* specifically noted that during the pendency of the appeal the Unified Code of Corrections had become effective, which

provided sentencing alternatives which were not available to the trial court when sentence was imposed on Hill. 14 Ill. App. 3d 20, 23, 302 N.E.2d 373, 375.

For the reasons set forth the judgment of the circuit court of Rock Island County and the sentence imposed thereon are affirmed.

Affirmed.

ALLOY, J., concurs.

Mr. PRESIDING JUSTICE STOUDER, specially concurring:

I agree with the result reached by the majority and join in the affirmance of the result. Liberal discretion is vested in the trial court in sentencing. However, some of the comments of the trial judge were inappropriate and I would be remiss in failing to note my disagreement with such comments. I find no basis in the record for the judge's speculation that the long period of deliberation by the jury was an effort to decide whether the offense committed was manslaughter or murder. It might well have been that the jury was having trouble deciding whether the defendant was guilty of any offense or was innocent. Such observations, so far as the record is concerned, are pure speculation, and comments on the deliberations of a jury are inappropriate and ought not be approved.