THE STATE OF WISCONSIN, Defendant in Error,

. *vs.*

DAVID AUSTIN, Plaintiff in Error.

##### ERROR TO ROCK CIRCUIT COURT.

Any juror may dissent from a verdict to which he has previously agreed, at any time before it has been received and recorded.

There ought not to be anything in the conduct of the court towards the jury, or any member thereof, calculated to press them, or him, to a verdict, against rational doubts conscientiously entertained, from the evidence in the case. Each party may demand that the jury be polled before the verdict is recorded.

This was an indictment for larceny in stealing a plow, of the value of twenty-one dollars; and was tried in the Rock Circuit Court at the November Term, A. D. 1855, and a verdict of guilty rendered.

It appears from the bill of exceptions, that the jury, after having retired and deliberated, came into court and stated that they were unable to agree. They were again sent out, and after more deliberation again came into court, and on being asked if they had agreed upon their verdict, by their foreman, answered "Yes." The Judge asked, "What do you find—that the defendant is guilty or not guilty as charged?" The foreman answered: "We find the defendant guilty, and find the value of the plow $16." The defendant thereupon, and before the verdict was recorded, requested that the jury be polled. The clerk then proceeded to put the question to each juror: "Was, and is this your verdict?

When the question was put to one of the jurors, he replied: "I subscribed the verdict." The Judge told the juror that it was not answer to the question. The juror replied: "I have doubts about the defendant's guilt." Whereupon the defendant's counsel objected to the verdict being received and recorded, or to any judgment being rendered thereon.

The Judge requested the clerk to put the above question again to the juror, which he did, and the juror gave the same answer as before. The Judge then told the juror he need not argue the question, but must answer it "yes, or "no." The juror then replied: "Then I will answer yes, because I subscribed it." The Judge then said to the juror, that it was his duty as a juror not to assign reasons or argue questions, but to answer affirmatively or negatively, and not evasively, the question put by the clerk. When the question was again put by the clerk, the juror replied "Yes."

The defendant then again objected to the verdict being received and recorded, and to any judgment or sentence being rendered or pronounced thereon against the defendant; which objection was overruled by the court, and the defendant excepted.

*Cumming and Bennett*, for defendant.

The verdict in this case was not agreed upon by the jury, but it was assented to in open court, upon the dictation of the Judge, and one of the jury being coerced by the Judge to assent thereto, and was improperly received and recorded.

Either party may poll the jury before the verdict is closed, and, upon such polling, the jury may dissent from the verdict to which they had agreed. *Fox vs. Smith*, 3 Cow., 23; *Jackson vs. Hawks*, 2 Wend., 619; *Root vs. Sherwood*, 6 J. R., 68; *Blackley vs. Sheldon*, 7 Id., 32.

When a juror dissents from the verdict, on being polled, the Judge should send the jury out again to agree upon a verdict. *Brown vs. Hoyt*, 3 J. R., 255; *Douglass vs. Tousley*, 2 Wend., 352.

*G. B. Smith* (Attorney General) for the State.

*By the Court*, COLE, J. We are of the opinion that a new trial ought to be granted in this case, on account of the irre-

gular manner in which the verdict of the jury was found and pronounced and recorded in the court.

It appears from the exception taken upon the trial of the case and filed in this court, that the jury having retired and deliberated upon their verdict, came into court and stated that they were unable to agree. They were again sent out and after more deliberation came into court, and upon their being asked if they had agreed upon their verdict, by their foreman answered in the affirmative. The court asked: "What do you find? that the defendant is guilty or not guilty, as charged?" The foreman answered: "We find the defendant guilty; and find the value of the plow, $16." The defendant thereupon, before the verdict was recorded, requested that the jury be polled. Whereupon the clerk proceeded to put the question to each juror: "Was, and is still, this your verdict?" When the question was put to one of the jurors, he replied: "I subscribed the verdict." The court told the juror this was not an answer to the question; when the juror replied: "I have doubts about the defendant's guilt." The defendant's counsel objected to the verdict being received and recorded, or to any judgment being rendered upon the same. The court then requested the clerk to put the above question again to the juror, which he did, and the juror gave the same answer as before. The court told the juror that he need not argue the question, but answer, "Yes or no." The juror replied, "Then I will answer yes; because I subscribed it." The court then said to the juror, that it was his duty as a juror, not to assign reasons or argue questions, but to answer affirmatively or negatively, and not evasively, the question put by the clerk. When the question as above was again put by the clerk, and the juror replied: "Yes." The defendant objected to the verdict being received and to the rendition of judgment thereon, but the court overruled the objection and the defendant excepted.

Under the present administration of justice in this country, it is impossible to over estimate the importance of preserving the trial by jury in all its purity and integrity. The life, lib-

erty, reputation and property of our citizens are constantly committed to the decisions of a jury. Hence the necessity for the great vigilance and care which are exercised by courts of justice, to secure a free, voluntary, conscientious, and unanimous verdict. While a juror has reasonable doubts of the guilt of a defendant in a criminal case, he cannot, without doing great violence to his conscience and his sense of right, agree upon a verdict of conviction. There can be no question but a jury when they come into court to deliver their verdict, to which they may have previously agreed, may dissent from it, or change it, at any time before it is received and properly recorded. And although a juror may have agreed upon and signed a verdict, as a matter of accommodation, or from some other motive, yet if he expresses his dissatisfaction with it when he comes into court, or, when a poll is taken, states that he cannot conscientiously assent to it, the court should respect his scruples and refuse to receive a verdict not freely and unanimously concurred in. There ought not to be anything in the conduct of the court towards the jury which would appear like pressing them to give up rational doubts or disregard difficulties which may arise in their minds upon the evidence of the case. In the case under consideration it appears to be evident that one of the jury entertained doubts of the defendant's guilt, and made known that fact to the court when the poll was taken. It is true that after some conversation with the court, he was made to reply in the affirmative, in answer to the question as to whether that was still his verdict, yet it was under circumstances which showed clearly that he entertained those doubts still and was opposed to finding the defendant guilty. We think that when the juror stated to the court that he had doubts of the defendant's guilt, the verdict should not have been received, but the jury should have been sent out to reconsider their verdict. That appears to us to be the only safe and proper practice.

Without expressing any opinion upon other points made by the counsel, we set aside the conviction and send the case back for a new trial.