## OLESON VS. THE STATE.

Under sec. 7, ch. 180, R. S., the bill of exceptions in a criminal action must be settled and signed by the judge *before the end of the term* at which the cause was tried.

ERROR to the Circuit Court for *Dane* County.

*Welch & Kissam*, for plaintiff in error.

The *Attorney General*, for the state.

*By the Court*, DOWNER, J. The attorney general, on behalf of the state, moves to quash and strike from the files the bill of exceptions in this action. It appears that it was signed *after the term* at which the defendant below was convicted, and the district attorney, at the time it was signed by the circuit judge, objected to its being signed, claiming it should have been signed before the close of the term. The only statutory provision respecting exceptions in criminal cases is found in sec. 7, ch. 180, R. S., and clearly requires the exceptions to be reduced to writing and presented to the court before the end of the term; and if so presented, makes it the duty of the judge to sign them. The bill of exceptions, not being presented and signed according to the provisions of the statute, must be quashed.

The motion is granted.