## ROTHBAUER VS. THE STATE.

CRIMINAL ACTIONS: *Bill of exceptions signed by judge after term—What declaration of juror should prevent reception of verdict.*

1. When a party convicted in a criminal action seeks a review by appeal or writ of error, his bill of exceptions may be signed by the judge *after* the term, with the consent of the district attorney.
2. It is error to receive (against objection) a verdict of guilty in a criminal action, where one of the jurors declares, upon the jury being polled, that he assented to the verdict for the sake of an agreement, but does not regard it as correct.

ERROR to the Circuit Court for *La Crosse* County.

The plaintiff in error having been found guilty of murder in the second degree, and a new trial having been denied, the present action is brought to reverse a judgment on the verdict. The errors relied on will appear from the opinion.

*B. F. Montgomery* and *J. W. Losey*, for plaintiff in error. [No brief.]

*The Attorney General*, for the State.

PAINE, J. The plaintiff in error was indicted and tried for murder, and a verdict was returned of murder in the second degree. A question of practice is made as to the sufficiency of the bill of exceptions. The counsel for the prisoner prepared a bill of exceptions, and tendered it to the judge for signature before the end of the term, but the judge declined to sign it, on the ground that it was not a full and correct bill. Thereupon the district attorney agreed with the counsel for the prisoner, that the bill might be settled after the term. The prisoner's counsel accordingly prepared a bill after the term, served it on the district attorney, who served amendments, and agreed to a time when it should be settled by the judge; and it was so settled. The question

is, whether it was competent for the judge to sign it after the term, by the consent of the district attorney. It was held by this court, in *Oleson v. The State*, 19 Wis., 560, that this could not be done *against* his objection. But we think this provision of the statute requiring the bill to be presented and signed before the end of the term, is one which may be waived by the district attorney. There are, of course, some provisions of statute which could not be controlled by the stipulations of parties. The provision fixing the time for taking an appeal is of this character. But there are other provisions, not relating to jurisdictional questions, but regulating merely the method of conducting causes, which the parties may by their agreement waive. Provisions fixing the time in which to plead or settle bills of exceptions, would belong to this class. It would clearly be so in civil cases; and we see no reason why the same rule should not be applicable in criminal cases.

The judgment must be reversed for the reason that the verdict was improperly received. When the jury returned into court, one of them asked if it would be proper for him to make a statement, and, on being told by the judge that he could do so, he said that "he had assented to the verdict, but it had been his conviction, and still was his conviction, that the verdict should be for manslaughter in the first degree, and not for murder; and that he had reluctantly assented to the verdict for the sake of an agreement." The juror then sat down, and the foreman, on being asked if they had agreed upon a verdict, said they had, and delivered it to the court. The prisoner's counsel objected to its reception; but his objection was overruled. The verdict was then read to the jury, and the prisoner's counsel requested that they might be polled. They all assented without qualification, except the one who had before made the statement above quoted, and he replied "I assent to it *as I*

*stated before.*" The court again asked him, " Is this your verdict?" and he answered, " I assent to the verdict." It is obvious from the statements of the juror, that he was not convinced that the prisoner was guilty of murder. He said explicitly that it was his conviction then, that he ought not to be convicted of that offense. He stated this twice. And there was nothing in his final statement, that he assented to the verdict, which at all retracted or modified what he had previously said. He had before said that he assented to the verdict for the sake of an agreement. And after having said that so plainly and so often, his last statement can only be understood as having been made subject to the explanation already given.

Such a verdict ought not to be received. If a juror says that he thinks the prisoner is not guilty, but assents to the verdict for the sake of an agreement, that is not a proper verdict. The assent must be an assent of the mind to the fact found by the verdict. The case is fully within the principle of *The State v. Austin,* 6 Wis., 205. See also *Farrell v. Hennesey,* 21 id., 632.

The charge of the court to the jury was criticised as being too much in the nature of an argument against the prisoner; and the rulings on the question of insanity were also objected to. But as we have to reverse the case upon the point above stated, we shall decline to pass upon the other questions.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.