STATE, RESPONDENT, v. ASHER, APPELLANT.

(No. 5,012.)

(Submitted April 17, 1922. Decided May 8, 1922.)

[206 Pac. 1091.]

*Criminal Law — Polling Jury — Verdict — Impeachment by Juror—Evidence—Sufficiency—Appeal and Error.*

Criminal Law—Polling Jury—Unanimous Verdict.
1. Where on the poll of the jury one juror answered that the verdict of guilty of burglary was his verdict provided the sentence was suspended, but thereafter, upon inquiry by the court, unqualifiedly answered that it was his verdict, a motion for dismissal of the information on the ground that the verdict had not been rendered by a full panel was properly denied.

Same—Jury—Impeaching Verdict by Affidavit.
2. A juror who reluctantly agreed to a verdict in a criminal cause could not thereafter impeach it by affidavit on that ground.

Same—Evidence—Sufficiency—When not Reviewable.
3. Under section 12126, Revised Codes of 1921, the supreme court, on appeal from the judgment, may not review the sufficiency of the evidence to warrant conviction, in the absence of any intermediate order or ruling involving the merits or which may have affected the judgment.

*Appeals from District Court, Blaine County; Chas. A. Rose, Judge.*

---

1. Dissent of juror from verdict on poll of jury and return for further deliberation as affecting validity of verdict found, see note in 6 **Ann. Cas.** 457.

HARRY H. ASHER was convicted of burglary, and, from the judgment of conviction and from an order overruling a motion for dismissal of the information and discharge of the defendant, he appeals. Affirmed.

*Messrs. Norris, Hurd & Rhoades* and *Mr. R. V. Bottomley,* for Appellant, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

The verdict is a nullity and defendant was entitled to his discharge. A condition attached to a verdict is an integral part of a verdict, and may not be received by the court, even though the court has the judicial power to fulfill the condition. A valid verdict is not a verdict rendered in the jury-room, but the verdict according to the poll of a jury when a poll is ordered by either party or by the court. (*Bliss* v. *State,* 117 Wis. 596, 94 N. W. 325; *Ponder* v. *State,* 11 Ga. App. 60, 74 S. E. 715; *Rothbauer* v. *State,* 22 Wis. 468; *State* v. *Austin,* 6 Wis. 205.)

According to the law of the land, it is the policy of our courts to guard jealously the right of a defendant to have a unanimous verdict, before he can be convicted, and the court was in error in insisting upon the juror giving an unqualified answer, after he had stated the condition of his mind. Therefore, the verdict is not a verdict, but is, in effect, an acquittal. (*Smith* v. *State,* 75 Miss. 542, 23 South. 260.)

The discharge of the jury before reaching a verdict is, in legal effect, an acquittal. (16 C. J. 250.)

A motion to discharge the defendant is the proper practice. (*People* v. *Small,* 1 Cal. App. 320, 82 Pac. 87; *People* v. *Bowman,* 24 Cal. App. 781, 142 Pac. 495; *Wright* v. *State,* 7 Ind. 324.)

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* Assistant Attorney General, for the State, submitted a brief; *Mr. Foot* argued the cause orally.

It is well established, when the jury is polled, any juror may dissent from the verdict as announced, and in that case,

if he persists in the dissension, the jury may be sent back for further deliberation. However, when a juror at first answers evasively or in the negative, if he finally acquiesces in the verdict as read, it becomes his verdict and is valid and must be sustained. (16 C. J. 1099 (sec. 2579); *State* v. *Millroy,* 103 Wash. 193, 174 Pac. 10; *Bliss* v. *State,* 117 Wis. 596, 94 N. W. 325; *Parker* v. *State,* 81 Ga. 332, 6 S. E. 600; *McAlpine* v. *State,* 117 Ala. 93, 23 South. 130; *Gose* v. *State,* 6 Tex. App. 121.)

Even if this court finds the verdict to be void, the appellant should not be discharged, but should be given a new trial, whether he asks it or not. (*Ex parte Brown,* 102 Ala. 179, 15 South. 602; *Gunter* v. *State,* 83 Ala. 96, 3 South. 600; *Kimball* v. *Territory,* 13 Ariz. 310, 115 Pac. 70; *Allen* v. *State,* 13 Okl. Cr. 533, 165 Pac. 745; *Commonwealth* v. *Endrukat,* 231 Pa. 529, 35 L. R. A. (n. s.) 470, 80 Atl. 1049; *Waddle* v. *State,* 112 Tenn. 556, 82 S. W. 827.)

In the instant case the appellant offered no objection to the verdict being received, and where the record is silent as to his consent, it will be presumed that he consented thereto. (*People* v. *Kern,* 8 Utah, 268, 30 Pac. 988; *Mahany* v. *People,* 31 Colo. 365, 73 Pac. 26; *Allen* v. *State, supra.*)

MR. CHIEF COMMISSIONER POMEROY prepared the opinion for the court.

The defendant was convicted of the crime of burglary and sentenced to the state prison. The minutes show that, upon the return of the verdict, the following occurred: "The court then ordered the jury polled, and the clerk inquired of each juror if the verdict as read was his verdict. Whereupon each juror answered that the verdict as read was his verdict, save and except Juror Mathias L. Haugen answered that the verdict as read was his verdict with the understanding that the sentence be suspended. The court thereupon asked the Juror Mathias L. Haugen if the verdict as read was his verdict, and

he answered, 'Yes.' Whereupon said jury was discharged from further consideration of said cause."

Following the passing of sentence, the defendant moved the dismissal of the information and his discharge, as follows: "Comes now the defendant, Harry H. Asher, and moves the court that the information on file in this case may be dismissed as to the defendant Harry H. Asher, and that said Harry H. Asher be discharged, and that the judgment of conviction heretofore entered against him be set aside and held for naught, for the reason that the said defendant has been tried in the above-entitled court, before a jury, and that said jury was discharged without authority of law, before agreeing upon and returning a proper verdict or any verdict at all, and for the further reason that the said pretended verdict, on file in this case, is a nullity, in that the same was not rendered by a full panel of twelve jurors." The motion was denied. The appeal is from the judgment and from the ruling on the motion.

There are but two specifications of error, *viz.:*

"(1) The court erred in receiving the verdict and discharging the jury, for the reason that the verdict was not a proper verdict or any verdict at all, in that it was concurred in by only eleven of the twelve jurors, whereas the law requires that a verdict in a felony case must be concurred in by the entire panel, and the answer of the juror Haugen indicated on the poll that he did not concur in the verdict, and not having concurred it was the duty of the court to send the jury back to the jury room for further deliberations. The jury, however, having been so dismissed by the court, the appellant may not be tried again, and therefore should have been discharged and the information dismissed.

"(2) The verdict is entirely contrary to the evidence, in that the testimony on behalf of the respondent at the trial shows that the witnesses for the state were of such character that they were not entitled to any belief, and the story which they told was so improbable and so revolting to common

decency and common justice that no weight should have been given to their testimony.'' They will be considered in their order.

The ruling of the motion was correct. The provisions of [1] the Penal Code applicable are the following: ''When the jury agree upon a verdict, they must be brought into court and their names called by the clerk, and if all be present, their foreman must deliver their verdict to the court, who may, with their consent, in their presence, correct the same as to matters of form. The court must deliver the verdict to the clerk, who must file the same, and then read the same to the jury, and ask them if the verdict as recorded is their verdict; if all of the jury in the case of a felony, or two-thirds of their number in the case of a misdemeanor, assent thereto, they must be discharged.'' (Sec. 12019, Rev. Codes 1921.)

''When a verdict is rendered, the jury may be polled, at the request of either party, in which case they must be severally asked whether it is their verdict, and if any one answer in the negative, the jury must be sent out for further deliberation, and in case of misdemeanors if more than one-third so answer.'' (Sec. 12032, Rev. Codes 1921.)

The case of *Ponder* v. *State,* 11 Ga. App. 60, 74 S. E. 715, relied upon by the defendant, is not in point. Upon the poll of the jurors in that case, two stated that, while they consented to the verdict, they did not do so freely and voluntarily. Nothing further was said by the jurors; while in this case, after the juror had first qualified his assent to the verdict, when the court thereupon asked him if the verdict read was his verdict, he answered, ''Yes.'' Though the juror in this case agreed to the verdict reluctantly, the fact remains that he did agree to it. This brings the case squarely within the rule laid down in the case of *Parker* v. *State,* 81 Ga. 332, 6 S. E. 600. The following language from the *Parker Case,* quoted with approval in the *Ponder Case,* clearly points out the distinction: ''There was no error in overruling the motion upon the sixth ground thereof, to-wit,

that one of the jurors when polled answered that he
had agreed to the verdict, but had agreed to it reluctantly.
If a juror agrees to a verdict, that in law is sufficient
If verdicts are to be set aside because some of the jurors
agree to them reluctantly, very few verdicts in important
cases would be allowed to stand. The law does not inquire
as to the degree of reluctance or willingness with which a
juror's mind assents to the verdict. Its only inquiry is:
Does he agree to it? If he does, that is sufficient."

If counsel for the defendant in this case were not satisfied
with the final answer of Juror Haugen on the poll, no doubt,
upon request, the court would have allowed him to inquire
of the juror as to his state of mind upon the question. Not
having done so, the answer of the juror must be taken as the
[2] last word on the subject. The affidavit subsequently
made by the juror cannot be considered. (*State* v. *Lewis,* 52
Mont. 495, 159 Pac. 415.)

In the case of *Smith* v. *State,* 75 Miss. 542, 23 South. 260,
cited by counsel, it was held that the verdict was ambiguous
and that it was error for the court to refuse the request
of the counsel for the defendant that the jurors be asked
what they meant by their verdict.

In the case of *State* v. *Austin,* 6 Wis. 205, the court very
properly held that the trial judge was unduly persistent
with the juror. We quote from the opinion: "There ought
not to be anything in the conduct of the court towards the
jury which would appear like pressing them to give up
rational doubts or disregard difficulties which may arise in
their minds upon the evidence of the case." The conduct
of the trial court in this case was free of any such charge.

From what transpired when the jury was polled, in the
case of *Rothbauer* v. *State,* 22 Wis. 468, it is apparent that
the juror did not at any time give his unqualified assent to
the verdict.

The conclusion reached is supported by the following authori-
ties: 16 C. J. 1099; *State* v. *Millroy,* 103 Wash. 193, 174 Pac.

10; *Rudder* v. *State,* 12 Ala. App. 72, 67 South. 738; *Gose* v. *State,* 6 Tex. App. 121.

The question of the sufficiency of the evidence cannot be **[3]** considered. The powers of this court on an appeal from a judgment are limited by section 12126, Revised Codes of 1921. ''Upon the appeal taken by the defendant from a judgment, the court may review any intermediate order or ruling involving the merits, or which may have effected the judgment.'' Had the defendant at the trial moved the court to instruct the jury to acquit and had the motion been denied, then the question could have been reviewed on this appeal. (*State* v. *O'Brien,* 18 Mont. 1, 43 Pac. 1091, 44 Pac. 399; *People* v. *Ward,* 145 Cal. 736, 79 Pac. 448; *State* v. *Gomez,* 58 Mont. 177, 190 Pac. 982; *Territory* v. *Young,* 5 Mont. 242, 5 Pac. 248.)

It is recommended that the order and judgment be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*

(Submitted April 17, 1922. Decided May 8, 1922.)