Argued and submitted February 28, reversed and remanded for new trial on first count,
affirmed on two counts March 26, 1986

# STATE OF OREGON,
*Respondent,*

*v.*

# GUY GILBERT DeVAULT,
*Appellant.*

## (84-2674; CA A36026)

715 P2d 1353

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babock, Public Defender, Salem.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

■■    Defendant was convicted on three counts of theft in the first degree. ORS 164.055. When polled, three of the 12 jurors did not agree with the guilty verdict on Count I. At least ten jurors must concur before rendering a verdict in a circuit court criminal action. *See* Art I, § 11, Or Const; ORS 136.450. On being questioned, one of the jurors stated to the court that, although she had voted for conviction in the jury room, it was "against [her] wishes" and that her vote now would be one of not guilty. Apparently relying on the juror's statement that she had voted "yes" in the jury room, the trial judge received the verdict, noting that "we can go on forever waiting for [the juror] to finally decide what she is going to do." Defendant appeals, contending that (1) the trial court erred in accepting the verdict of guilty on Count I and (2) he should be granted a new trial on the other two counts, "because the confusion regarding Count I may have infected the jury's verdict on them." Although we find no merit in defendant's second contention,[1] we do agree—and the state concedes—that it was error to receive the jury's verdict on Count I.

Neither party cites any case precisely in point. However, a case which is somewhat similar is *State v. Imlah,* 204 Or 43, 281 P2d 973 (1955). There, the jury initially returned a guilty verdict. When polled, one juror said that he concurred "with reluctance." 204 Or at 46. After a discussion with counsel, the court sent the jury back to the jury room. The court recalled the jury and polled them again. The second time, the reluctant juror answered "No," indicating that he did not concur. The court sent the jury back out and it returned with a unanimous guilty verdict, supported by a third poll. In discussing the second poll, the Supreme Court noted that the reluctant juror's negative response "demonstrated that he knew that he had the right to disagree when he exercised that right on the second poll." 204 Or at 58.

■    We believe that it is clear that defendant is entitled to have deliberations continue until enough jurors are willing to

---

[1] The jury poll indicated that the vote on Counts II and III was 11 to one for conviction. Defendant does not cite any authority for reversing these two convictions. The verdict on each count was rendered on a separate verdict form. We find nothing in the record to indicate that the jury's inability to reach a proper verdict on Count I had any effect whatever on the other guilty verdicts.

assume individual responsibility for the verdict. Here, in light of the juror's response, the trial court should have sent the jury out for further deliberations on Count I, because a sufficient number of jurors had not agreed as to defendant's guilt on that charge. Accordingly, we hold that it was error to receive the verdict.

■        A juror may change his or her vote when being polled and thereby defeat a verdict which has been previously reached in the jury room. We believe that that conclusion follows from *Imlah.* At common law, a juror was entitled to change his or her vote when polled. *United States v. Morris,* 612 F2d 483, 489 n 11 (10th Cir 1979). That is also the rule in federal courts. *United States v. Shepherd,* 576 F2d 719, 724 (7th Cir), *cert den* 439 US 852 (1978); 3 Wright, *Federal Practice & Procedure: Criminal,* § 517 at 34 (2d ed 1982); *see also* 4 Torcia, *Wharton's Criminal Procedure,* § 586 at 153 n 98 (12th ed 1976) (listing state court cases). We do not understand the law of Oregon to be otherwise, and we perceive no good reason why it should be.

Reversed and remanded for a new trial on Count I; affirmed on Counts II and III.