740 P.2d 711

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Barry K. HOLLOWAY, Defendant-Appellant.**

No. 9707.

Court of Appeals of New Mexico.

July 2, 1987.

Certiorari Denied Oct. 14, 1987.

Hal Stratton, Atty. Gen., Bill Primm, Anthony Tupler, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

Juan B. Montoya, Anna G. Martinez, Albuquerque, for defendant-appellant.

## OPINION

DONNELLY, Chief Judge.

Defendant appeals his convictions of criminal sexual penetration and criminal sexual contact of a minor. We discuss whether defendant's convictions resulted from a unanimous jury verdict. We find this issue dispositive of the appeal and reverse and remand for a new trial.

At the conclusion of defendant's trial and following deliberations, the jury returned to the courtroom and the foreman announced that the jury had reached a verdict of guilty on two counts. Defendant requested that the court poll each juror concerning his or her verdict. When the judge polled the juror, Carol Cadwell, and inquired "Is this your verdict?", she responded:

Cadwell: Yes, can I qualify it? Can I just say * * * ?

Court: Is this your verdict?

Cadwell: Yes.

After completing the poll, and with no further interrogation of juror Cadwell, the court accepted the guilty verdicts.

At a subsequent hearing on defendant's motion for a new trial, Cadwell testified that at the time the jury was polled, she wanted to change her vote to "not guilty," that she "didn't think she could live with that [a guilty verdict]," and that after hearing the court's response, she "didn't think [that she] could change what [she] had said earlier." The trial court refused to consider this testimony incident to the motion for a new trial, and on motion of the state, the testimony was stricken.

## ISSUE OF WAIVER

Defendant contends that the response given by Cadwell, at the time of polling the jury, indicated that the verdict of the jury was not unanimous.

The state argues that defendant waived any right to challenge the unanimity of the jury verdict by failing to specifically object or request remedial action prior to the court's recording of the verdict. NMSA 1978, Crim.P.R. 44(f) (Repl.1985) [recodified SCRA 1986, 5–611(F) ] provides:

No irregularity in the rendition or reception of verdict of which the parties have been made aware may be raised unless it is raised before the jury is discharged. No irregularity in the recording of a verdict shall affect its validity unless the defendant was in fact prejudiced by such irregularity.

Defendant argues that the response of the juror, indicating a question of whether she could qualify her verdict, signaled the existence of more than a mere technical irregularity, and that no implied waiver existed where the facts indicated the existence of a reasonable doubt as to defendant's guilt on the part of one of the jurors.

Whether, during a poll of the jury in a criminal trial, a juror's attempt to qualify or change her vote concerning the announced verdict casts a cloud on the validity of the verdict, is an issue of first impression in this jurisdiction.

It is fundamental that a defendant in a criminal case, tried to a jury, cannot be convicted without a unanimous verdict. *State v. Dobbs,* 100 N.M. 60, 665 P.2d 1151 (Ct.App.1983); N.M. Const. art. II, § 12; Rule 5–611(A); SCRA 1986, 14–6008; *see also* NMSA 1978, § 30–1–11 (Repl.Pamp. 1984).

Federal courts have held that the requirement of a unanimous verdict is a right so fundamental that it cannot be waived, e.g., *United States v. Morris,* 612 F.2d 483, 489 (10th Cir.1979); *United States v. Scalzitti,* 578 F.2d 507 (3rd Cir.1978); *Sincox v. United States,* 571 F.2d 876 (5th Cir.1978) (defense counsel did not object, make any further request, nor appeal); *Hibdon v. United States,* 204 F.2d 834 (6th Cir.1953),

or is waivable only if the waiver is shown to be express, knowing and intelligent. *Cf. United States v. Ricks,* 155 U.S.App.D.C. 57, 475 F.2d 1326 (1973). At least one state has taken a different view. *See Commonwealth v. Jackson,* 457 Pa. 237, 240, 324 A.2d 350, 353 (1974) (defendant cannot be heard to challenge unanimity of verdict where he fails to question the juror's answers nor requests that jurors be further interrogated if, upon colloquy, trial court could find each juror assented to the verdict).

■ The requirement of juror unanimity in criminal cases applies not only by reason of rules of criminal procedure, but also by reason of the sixth amendment. *Andres v. United States,* 333 U.S. 740, 748, 68 S.Ct. 880, 884, 92 L.Ed. 1055 (1948); *United States v. Morris* 612 F.2d at 488–489; *United States v. Gipson,* 553 F.2d 453, 456 (5th Cir.1977); *see also* N.M. Const. art. II, § 12. Other state courts have similarly recognized that, "[e]ssential to [the sixth amendment] guarantee is the requirement that the verdict reached be freely arrived at by each juror." *People v. Cabrera,* 134 Ill.App.3d 526, 529, 89 Ill.Dec. 427, 429–30, 480 N.E.2d 1170, 1172–73 (1985). Under the facts here presented, we find no waiver by defendant of his right to challenge the unanimity of the jury verdicts.

### REQUIREMENT THAT VERDICT BE FREE FROM AMBIGUITY

■ Defendant argues that at the time of polling the jury, the trial court should have taken remedial measures, either by specific further interrogation of Cadwell to determine whether she specifically assented or dissented to the verdict announced by the foreman, or by directing the jury to return to the jury room for further deliberations, or both. In discussing this issue, we consider only the colloquy at the time of the polling of the jury. The subsequent testimony of juror Caldwell is not admissible. *See People v. Cabrera.*

In *Sanchez v. Martinez,* 99 N.M. 66, 73, 653 P.2d 897, 904 (Ct.App.1982), this court held that "[f]undamental justice requires that a verdict returned by a jury [in a civil case] be certain as to its import, and be free from ambiguity or inconsistency." The sixth amendment guarantee embodied in the federal constitution compels even greater judicial vigilance in a criminal case, "to secure a free, voluntary, conscientious, and unanimous verdict." *Wisconsin v. Austin,* 6 Wis. 205, 208 (1858); *see also* N.M. Const. art. II, §§ 12, 18.

■ The responsibility for preserving the right to a voluntary and unanimous verdict rests primarily on the trial court. *See United States v. Morris,* 612 F.2d at 489; *People v. Cabrera,* 89 Ill.Dec. at 430, 480 N.E.2d at 1173; *People ex rel. Paul v. Harvey,* 9 Ill.App.3d 209, 212, 292 N.E.2d 124, 127 (1972) (paternity action); *cf. State v. Doe,* 101 N.M. 363, 366, 683 P.2d 45, 48 (Ct.App.1983) (court's duty to investigate unauthorized communications with the jury). Rule 5–611(E) provides that "[i]f upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberations." In *Sincox v. United States,* 571 F.2d at 878–879, the court held: "The burden [of assuring unanimity of a verdict when defendant has requested that the jury be polled is placed] on the trial judge * * * * It is he who is in the best position to be aware of whatever happens."

■ Rule 5–611(E) provides for polling of the jury to insure that every member agrees with the verdict. The jury poll is a method of safeguarding the right to a unanimous jury verdict:

The object of a poll is to give each juror an opportunity, before the verdict is recorded, to declare in open court his assent to the verdict which the foreman has returned and thus to enable the court and parties "to ascertain for a certainty that each of the jurors approves of the verdict as returned." *Humphries v. District of Columbia,* 174 U.S. 190, 194, 19 S.Ct. 637, 638–639, 43 L.Ed. 944 (1899).

*United States v. Edwards,* 469 F.2d 1362, 1366 (5th Cir.1972). *Accord Miranda v. United States,* 255 F.2d 9, 17–18 (1st Cir. 1958); *Solar v. United States,* 86 A.2d 538, 540 (D.C.1952); *People v. Cabrera,* 134 Ill.

App.3d at 530, 89 Ill.Dec. at 430, 480 N.E.2d at 1173.

■ In order to fulfill its purpose, the jury poll must be conducted so as to ascertain the juror's intent by "affording the juror the opportunity to make an unambiguous reply as to his present state of mind." *People v. Kellogg*, 77 Ill.2d 524, 528, 34 Ill.Dec. 163, 165–66, 397 N.E.2d 835, 837–38 (1979). In order to safeguard the right of the defendant in a criminal case to a unanimous verdict, the jury poll must be more than a mere formality or "a mere chorusing of what has already been announced." *Commonwealth ex rel. Ryan v. Banmiller*, 400 Pa. 326, 334, 162 A.2d 354, 358 (Musmanno, J., dissenting), *cert. denied*, 364 U.S. 852, 81 S.Ct. 99, 5 L.Ed.2d 76 (1960); *see also Commonwealth v. Jackson*. The question posed is whether the juror's response should have alerted the trial court to the fact that at the time of the jury poll, a doubt existed as to the unanimity of the verdict announced by the foreman.

■ Where a juror's response indicates uncertainty concerning unanimity, a jury poll requires exploration of the uncertainty or dissent. Here, we are left with uncertainty on whether Cadwell, at the time of the jury poll, in fact assented or dissented to the announced verdict and whether the verdict delivered by the foreman was in fact unanimous. Under these circumstances, it has not been shown that the jury arrived at defendant's convictions beyond a reasonable doubt or by a unanimous decision.

■ The state agrees that polling of the jury is a matter of right and that its purpose is to ascertain unanimity. It argues, however, that the trial court's determination that there is no question on unanimity and its acceptance of the verdict was reasonable in this case. The state contends that deference should be given the trial court's perception of the juror's demeanor and the events which occurred at the time of polling. We agree that the trial court has considerable discretion regarding the manner in which the poll and subsequent questioning are conducted. *See*

*United States v. O'Bryant*, 775 F.2d 1528 (11th Cir.1985). The trial court also has discretion respecting the proper remedial measures which should be taken when polling reveals that a juror's verdict is uncertain or qualified. The trial court may properly respond to a juror's reluctance to assent to the verdict by directing the jury to retire to continue its deliberations. Rule 5–611(E). This discretion, and the action taken by the court, however, must resolve any doubt concerning the unanimity of a verdict. A verdict rendered in a criminal case is required to be certain and each juror's concurrence in the verdict should be definite in nature and devoid of any ambiguity. *Humphries v. District of Columbia; Miranda v. United States*.

In *United States v. Morris*, 612 F.2d at 489, the court held:

It is any case upon the appearance of any uncertainty or contingency in a jury's verdict, it is the duty of the trial judge to resolve that doubt, for "[t]here is no verdict as long as there is any uncertainty or contingency to the finality of the jury's determination." *Cook v. United States*, 379 F.2d 966, 970 (5th Cir. [1967]); *Sincox v. United States*, 571 F.2d 876, 878 (5th Cir. [1978]); *United States v. McCoy*, 139 U.S.App.D.C. 60, 63, 429 F.2d 739, 742 (D.C.Cir. [1970]); *Matthews v. United States*, 252 A.2d 505, 506–07 (D.C.App. [1969]).

■ *Morris* is in accord with a majority of courts which have considered the effect of an ambiguous response of a juror when the jury has been polled. Where the record shows that a juror has voiced an uncertainty about the guilt of an accused, or has evidenced lack of full consent to the verdict, the verdict cannot stand. *See Sincox v. United States; Matthews v. United States; Solar v. United States*.

In *People v. Kellogg*, 77 Ill.2d at 529, 34 Ill.Dec. at 166, 397 N.E.2d at 838, the Illinois Supreme Court observed:

It is a matter for the trial judge to determine whether a juror has freely assented to the verdict. The trial judge not only hears the juror's response, but he can observe the juror's demeanor and tone of

voice. However, the trial judge's determination is subject to review, and a verdict cannot stand if the interrogation precludes the opportunity to dissent or if the record reflects that the juror in the poll has not in fact assented to the verdict. [Citations omitted.]

■ Where, as in this case, the trial court, in polling the jury, receives a response from a juror indicating equivocation, it must then question further to give the juror full opportunity to indicate his present state of mind. The court's polling or questioning must also be carried out so as to avoid influencing or coercing a juror's verdict. *Id.*

■ The state also argues that the juror's affirmative response when the court repeated its question cured any doubt as to the unanimity of the verdict, citing, *People v. Preston*, 76 Ill.2d 274, 29 Ill.Dec. 96, 391 N.E.2d 359 (1979) and *State v. Fields*, 16 O.O.2d 290, 294, 176 N.E.2d 845, 849 (App. 1960). The cases relied upon by the state, however, are factually distinguishable from the present case. In both *Preston* and *Fields*, the remedial action taken by the trial court on receiving an equivocal answer was different. In *Preston*, the trial court questioned further and the juror responded affirmatively three times before the court accepted the verdict. 29 Ill.Dec. at 99, 391 N.E.2d at 362. In *Fields*, the jurors were polled individually twice and the form of the question clearly gave each juror full opportunity to dissent or assent. 176 N.E.2d at 848–50. The *Fields* court concluded that there was no question that the trial court had taken the remedial measures necessary to determine that each juror assented to the verdict and that there was no question of the form of the question influencing the juror's response. Considering the juror's response in its entirety, we do not find that juror Cadwell's subsequent answer to the judge's questioning constituted a clear indication at that time of her unqualified assent to the announced verdict.

■ The state also argues that the trial court's finding of an unanimous verdict is supported by the fact that it was announced by the foreman before and after the poll. This argument is inconsistent with the state's concession that a juror may change his verdict at the time of polling. *See State v. DeVault*, 78 Or.App. 307, 309, 715 P.2d 1353, 1354 (1986). In *United States v. Love*, 597 F.2d 81 (6th Cir.1979), the court held that a foreman's announcement of the verdict is not final, and a juror may indicate dissent when the verdict is read. *Id.* at 84–85. *Accord United States v. Taylor*, 507 F.2d 166, 168 (5th Cir.1975) ("Jurors are not bound by votes in the jury room and remain free to register dissent even after the verdict has been announced"); *Solar v. United States*, 86 A.2d at 540 ("[T]he result of polling a jury is to eliminate the previously proffered verdict and substitute therefore the individual verdict of each juror.").

The response of the juror to the polling by the court was a signal that there was some uncertainty concerning unanimity, calling for further inquiry or other remedial action. In light of the juror's response when polled, the court should have exercised its discretionary power to take remedial measures to ascertain and assure that the verdict returned was unanimous. In the absence of further remedial action to insure that the jury verdict was unanimous, we hold that it was not shown to be unanimous.

Since we find this issue dispositive, we do not address the other issues raised on appeal. Defendant's convictions are reversed and the cause is remanded for a new trial.

IT IS SO ORDERED.

BIVINS and APODACA, JJ., concur.