No. 99-654

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 136

300 Mont. 25

1 P.3d 953

STATE OF MONTANA,

Plaintiff and Respondent,

v.

KEVIN PYATT,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Kenneth Neill, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jeff R. Lynch; Lynch Law Firm, Great Falls, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Cregg W. Coughlin,

Assistant Attorney General; Helena, Montana

Brant Light, Cascade County Attorney; Susan L. Weber, Deputy

Cascade County Attorney, Great Falls, Montana

_____

Submitted on Briefs: February 10, 2000

Decided: May 25, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Kevin Pyatt (Pyatt) appeals from the judgment of the Eighth Judicial District Court, Cascade County, accepting the jury's vote of guilty even though one of the jurors during polling stated he had voted guilty to go along with the majority. The court denied Pyatt's motion for a new trial. Pyatt contends that the court erred in not directing the jury to further deliberate or declaring a mistrial in response to the juror's statement and further erred in not granting Pyatt's motion for a new trial. We reverse and remand for retrial.

## Issue

¶2 The dispositive issue on appeal is whether the District Court erred in determining that the jury verdict was unanimous.

## Standard of Review

¶3 Whether the jury verdict was unanimous constitutes a question of constitutional law. Our review of questions of constitutional law is plenary. *See*, *e.g.*, State v. Anderson, 1998 MT 258, ¶ 6, 291 Mont. 242, ¶ 6, 967 P.2d 413, ¶ 6 (citation omitted).

## Factual and Procedural Background

¶4 Pyatt was charged by Information with felony stalking. Following a trial and deliberation, the jury indicated to the bailiff that a verdict had been reached. At Pyatt's request, the jury was polled in open court. The judge asked each juror whether he or she agreed with the verdict. Specifically, the judge told the jurors, "When your name is read, if you agree with the verdict, answer yes. If you don't agree with the verdict, answer no."

¶5 One of the jurors, Duane Jerome (Jerome), answered "No" when his name was called. The following colloquy ensued:

> The Court: Wait a minute. You're saying that you do not agree with the verdict?
>
> Jerome: No. I was a hold out. I didn't agree with it, but I went along with it because everybody else did. I was outnumbered.
>
> The Court: Well, a unanimous verdict is required for either finding of guilt or finding of not guilty.
>
> Foreman: No one was coerced.
>
> The Court: I don't want to get into any discussion about it. What we have to know at this point we are polling the jury and each juror has to answer yes, do they agree with the verdict, or no, do they not agree with the verdict.
>
> Just the same as you did, supposedly did, in the jury room in indicating that you had a verdict. So Mr. Jerome, I'm going to ask you again. Do you vote in favor of the verdict or do you vote against?
>
> Jerome: I did vote in favor of the majority in the end. So I give him the yes vote.
>
> The Court: Your answer is yes. All right. The clerk will go forward and call the other names.

¶6 The other jurors responded "yes" to the court's inquiry, and the court announced that the verdict was unanimous. Pyatt's counsel suggested to the court outside the presence of the jury that the jury had not reached "a conscientious determination of guilt on the facts." He requested that the jury be repolled or that the matter be resubmitted for further deliberation. The court found that the verdict was unanimous and that the jury should be

discharged.

¶7 Pyatt moved the District Court for a new trial, arguing that Jerome had not expressed "adequate concurrence with the verdict," because he had indicated voting guilty to go along with the majority. The State responded that Pyatt was improperly attempting to impeach the verdict based on Jerome's statement that he voted guilty to go along with the majority and that such impeachment was prohibited by Rule 606(b), M.R.Evid. The court denied Pyatt's motion for a new trial. Pyatt was sentenced to the Montana Department of Corrections for five years, with credit for time served.

## Discussion

¶8 Did the District Court err in determining that the jury verdict was unanimous?

¶9 Article II, Section 26 of the Montana Constitution and § 46-16-603(1), MCA, require that jury verdicts in criminal actions be unanimous. The jury here was instructed in accordance with Montana law that "'no juror should surrender his or her honest opinion as to the weight or effect of evidence or as to the innocence or guilt of the defendant because the majority of the jury feels otherwise, or for the purpose of returning an unanimous verdict or to prevent a mistrial.'" *See* State v. George (1986), 219 Mont. 377, 382, 711 P.2d 1379, 1382.

¶10 To ascertain unanimity, a defendant has the right to have the jury polled following return of the verdict. Section 46-16-604, MCA. "If upon the poll there is not the required concurrence, the jury may be directed to retire for further deliberations or may be discharged." Section 46-16-604, MCA.

¶11 Pyatt contends that Jerome's statements during the jury poll revealed that he did not unequivocally consent to a guilty verdict and that he had voted guilty during the jury deliberations for the impermissible reason of returning a unanimous verdict. Pyatt contends that the court should have directed the jury to further deliberate or should have discharged the jury once Jerome indicated that he had only voted in favor of the guilty verdict for the sake of unanimity.

¶12 Pyatt further contends that the court's subsequent directive to Jerome to vote as he had in the jury room was improper and that the court should have instead focused its inquiry on whether Jerome presently assented to the verdict. Pyatt contends that the court sought

to rehabilitate the verdict rather than allow Jerome to fully express his dissent or direct the jury to further deliberate.

¶13 The State contends that the record reflects that Jerome assented to the verdict by telling the court, "So I **give** him the yes vote." The State argues that Pyatt misread the transcript as Jerome stating "I **gave** him the yes vote," and that a correct recitation of Jerome's statement indicates that Jerome unequivocally consented to the guilty verdict at the time of the jury poll.

¶14 The State cites State v. Asher (1922), 63 Mont. 302, 307, 206 P. 1091, 1092 (citation omitted), for the proposition that "'[t]he law does not inquire as to the degree of reluctance or willingness with which a juror's mind assents to the verdict. Its only inquiry is: Does he agree with it? If he does, that is sufficient.'" However, there, the juror said he agreed with the verdict provided that the sentence would be suspended. He did not equivocate on the question of guilt. *See Asher*, 63 Mont. at 304-05, 206 P. at 1091.

¶15 We agree with Pyatt that the New Mexico Court of Appeals decision, State v. Holloway (N.M.App. 1987), 740 P.2d 711, is persuasive authority in this case. There, one of the jurors responded to the court's polling question, "Is this your verdict?" with "Yes, can I qualify it? Can I just say . . . ?" The court cut the juror off and asked again, "Is this your verdict?" The juror then responded "Yes." The court thereupon accepted the guilty verdicts. *Holloway*, 740 P.2d at 713.

¶16 The *Holloway* court held that when a juror's response indicates uncertainty about unanimity, the court must further inquire to ascertain whether the juror in fact assents or dissents to the announced verdict. The court noted that the polling judge should question the juror about his or her present state of mind regarding the verdict, being cautious to avoid influencing or coercing the juror's verdict. *Holloway*, 740 P.2d at 716. The court there remanded for a new trial, concluding that the polling revealed uncertainty about unanimity, which called for further inquiry or other remedial action. *Holloway*, 740 P.2d at 716.

¶17 Section 46-16-604, MCA, requires that the District Court determine, "upon the poll," whether there is the required concurrence with the verdict. We interpret this to mean that in polling the jury, the District Court is to inquire into the jurors' present states of mind, as of the time of the poll. To fulfill the jury poll's purpose of safeguarding the defendant's right to a unanimous verdict, the jury poll must "'[afford] the juror the opportunity to make

an unambiguous reply as to his present state of mind.'" *Holloway*, 740 P.2d at 715 (citation omitted).

¶18 Here, unanimity was not merely uncertain; Jerome's reply to the court's polling question regarding his present state of mind was unambiguous. Jerome responded "No" when his name was called after the jurors had been instructed, "If you don't agree with the verdict answer no." Jerome further stated that "I didn't agree with [the verdict], but I went along with it because everybody else did. I was outnumbered." Jerome's statements indicated that he did not agree with the guilty verdict at the time of the polling and that he had voted guilty during the jury deliberations in violation of the jury instruction that stated a juror should not vote for the sake of reaching a unanimous verdict.

¶19 The court did not need to question Jerome further whether he assented to the announced verdict of guilty; Jerome's response clearly indicated that he did not. The court's continued conversation with Jerome thereafter was inappropriate under these circumstances. Once Jerome indicated that he did not agree with the verdict, the court should have either directed the jury to further deliberate or discharged the jury pursuant to § 46-16-604, MCA.

¶20 Because we hold that the verdict was not unanimous, we do not address the issue of whether the District Court abused its discretion in denying Pyatt's motion for a new trial.

¶21 The judgment of the District Court is reversed and this case is remanded for retrial.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER