This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40897

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MARTIN MEDINA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Defendant stands convicted of one count of criminal sexual contact of a minor, contrary to NMSA 1978, Section 30-9-13(C)(1) (2003). On appeal, Defendant seeks reversal of his conviction, arguing that a juror's alleged inability to hear defense counsel violated his right to a unanimous jury verdict, and constructively deprived him of his right to counsel. Finding no error, we affirm.

**DISCUSSION**[1]

**{2}** On the first day of trial, the parties delivered their opening statements, and the primary witness against Defendant completed her direct examination, and began but did not complete her cross-examination. The primary witness's cross-examination was completed the following day.

**{3}** On the second day of trial, the district court judge began by stating to the jury:

> I received word from the bailiff that at least one of you is having difficulty hearing [defense counsel]. So I have provided [her] with a different mask than the one that she brought with her, and she promises to speak more slowly and loudly. . . . If at any time during this proceeding you do not hear or understand what anyone is saying, whether it's the court, the attorney or the witness, especially the witness, just raise your hand and get the bailiff's attention or my attention and we, I'll immediately stop the proceedings and remedy the issue so that you're hearing everything that is being said in court.

**{4}** Defense counsel made no objections, and concluded cross-examination of the primary witness. Neither party elected to poll the jury after the jury returned its verdict.

**{5}** On appeal, Defendant argues that (1) a juror's inability to hear the trial proceedings violates the right to a unanimous jury verdict; and (2) if one or more jurors could not hear defense counsel, then Defendant was deprived of his right to effective cross-examination, and therefore also constructively deprived of his fundamental right to counsel.[2] Defendant maintains that both of these alleged errors are structural, and should result in an automatic reversal.

**{6}** Defendant's arguments are unpreserved, but he asks this Court to exercise its discretion to consider his arguments under Rule 12-321(B)(2)(d) NMRA, because his arguments implicate issues involving fundamental rights of a party. While we agree that

---

[1]Because this is an unpublished memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and leave the discussion of the facts for our analysis of the issues.

[2]To the extent that Defendant asks this Court to create a bright-line rule establishing that a trial court has a nondiscretionary duty to voir dire jurors upon learning that a juror is having trouble hearing, we decline to do so. We accord a great deal of deference to a trial court in controlling trial proceedings. *Cf. State v. Henderson*, 1998-NMSC-018, ¶ 20, 125 N.M. 434, 963 P.2d 511 (stating that "[j]udges have wide discretion in controlling the proceedings before them"). As Defendant points out, a trial court is already responsible for preserving the right to a voluntary and unanimous verdict. *See State v. Holloway*, 1987-NMCA-090, ¶ 13, 106 N.M. 161, 740 P.2d 711. This burden resides with the trial court because the trial court "is in the best position to be aware of whatever happens." *Id.* (internal quotation marks and citation omitted); *cf. State v. Allen*, 2000-NMSC-002, ¶ 83, 128 N.M. 482, 994 P.2d 728 (noting that in relation to jury selection, "the trial court is in the best position to assess a juror's state of mind, based upon the juror's demeanor and credibility" (internal quotation marks and citation omitted)).

Defendant's arguments involve fundamental rights of a party, the lack of preservation is fatal to this direct appeal. We explain.

**{7}**     Preservation requirements are designed "(1) to specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the court should rule against that claim, and (3) to create a record sufficient to allow this Court to make an informed decision regarding the contested issue." *Ferebee v. Hume*, 2021-NMCA-012, ¶ 25, 485 P.3d 778 (internal quotation marks and citation omitted). These requirements are particularly important to assist in our development of constitutional law and to ensure that we are deciding novel constitutional questions that are actually presented by the facts. *Cf. State v. Mares*, 2024-NMSC-002, ¶ 29, 543 P.3d 1198 (emphasizing that the process of raising and preserving state constitutional claims cannot be avoided merely because constitutional rights are fundamental).

**{8}**     Here, the lack of preservation denied the district court the opportunity to remedy any alleged error, denied opposing counsel the opportunity to respond to the arguments during trial, and most importantly, resulted in a record that does not contain factual support for Defendant's contention that he was denied his right to a unanimous jury verdict or constructively deprived of his right to counsel. Even in cases with issues that may be raised at any time or for the first time on appeal, our appellate courts will only address the merits where the record supports the issues raised. *See, e.g.*, *State v. Lewis*, 2017-NMCA-056, ¶ 13, 399 P.3d 954 (observing that although a double jeopardy challenge need not be preserved and may be raised at any time, there must be a factual basis in the record to support the claim); *see also State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition.").

**{9}**     In this instance, we cannot analyze whether the juror's "difficulty hearing" interfered with the ability to render a unanimous verdict, because we do not know what statements or questions, if any, the juror did not hear. Without a record demonstrating that a juror actually did not hear portions of the first day of trial, Defendant's arguments are premised upon an assumption, and we will not assume facts not supported by the record. *See State v. Thayer*, 1969-NMCA-086, ¶ 15, 80 N.M. 579, 458 P.2d 831 ("We will not assume facts unsupported by the record."); *State v. Sandoval*, 1966-NMSC-143, ¶ 5, 76 N.M. 570, 417 P.2d 56 (refusing to assume facts that do not appear in the record in order to address an allegation of error on appeal).

**{10}**    Therefore, because our consideration of such unpreserved issues is subject to our discretion, we decline to address Defendant's arguments on this basis. *See* Rule 12-321(B)(2); *see also State v. Trevino*, 1991-NMCA-085, ¶ 34, 113 N.M. 804, 833 P.2d 1170 (explaining that appellate review of issues involving general public interest, fundamental error, and fundamental rights is discretionary where the issue was not

preserved). We note, as well, that Defendant may pursue his claim through a petition for habeas corpus pursuant to Rule 5-802 NMRA.

**{11}** Lastly, we are unpersuaded by Defendant's argument that reversal is required under a fundamental error standard of review. "The rule of fundamental error applies only if there has been a miscarriage of justice, if the question of guilt is so doubtful that it would shock the conscience to permit the conviction to stand, or if substantial justice has not been done." *State v. Sutphin*, 2007-NMSC-045, ¶ 16, 142 N.M. 191, 164 P.3d 72 (internal quotation marks and citation omitted). Defendant argues that a conviction by a nonunanimous jury is fundamentally unfair, but, as stated, without a record establishing that any juror did not hear material portions of the trial, Defendant's claim that he did not receive a unanimous verdict is no more than an allegation and does not demonstrate that there has been a miscarriage of justice, that the question of guilt is so doubtful that it would shock the conscience to permit the conviction to stand or that substantial justice has not been done. *See, e.g.*, *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 (explaining that "[a]n assertion of prejudice is not a showing of prejudice").

## CONCLUSION

**{12}** For the foregoing reasons, we affirm Defendant's conviction.

**{13}   IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**KATHERINE A. WRAY, Judge**